*465 OPINION of the Court, by
Ch. J. Boylé.
— This is a contest for land claimed under adverse titles. The defendant in error was complainant in the court below, and derives his* claim under the junior patent, but the elder entry. His claim was sustained by the decree of that court, to reverse which the defendants have prosecuted this writ of error.
The main point relied on is, that the court below improperly admitted as evidence a paper purporting to be a deed of conveyance from the patentee to the Cofnplai-mant, without proof of .its execution.
To this point two answers were given in the argument — 1st, That no previous nofice was given that such an objection would be made, and that by a rule of the inferior court, made a pan of the bill of exceptions in this case, it is provided that “ no exception shall be taken to the reading of any deposition or voucher in a chancery cause, for the want of notice, or any other ce* remonta! in thje taking or authentication, unless a notice is served on the adverse party or his counsel,” &⅛⅛ And secondly, that-the complainant had referred to the deed and alleged its execution in his bdl, and that the defendants had not denied it in their answer, and therefore it is inferred that they taci'-Lv admitted its execution.
Omiifion of a defendant to anfwer #m alie gation in a bill does no? amount toan aámiffion of the fafct, un-lef- it be charged to be wi’ hm his knowledge.
With respect to the rule of the inferior court, we ar# of opinion that according to a correct construction of its language it cannot be made to apply to a case of this kind. It plainly relates to those vouchers or instruments only which by their authentication would be evidence without proof aliunde^ if there were no defect in the ceremony of their authehtication. Thus, for example, if the voucher or instrument offered in evidence be a copy of a record, the attestation of which is not in due form, or is not accompanied with the seal of office or other usual ceremony of authentication, the rule in such a case would be applicabL . But in the present instance, the deed offered and admitted in evidence was not of record. It was amtre private paper, without authentication, and could only be established by proof aliunde«• To construe the rule to extend to a cast of this sort,, would render its validity extremely questionable : for although courts may adopt rules for the regulation of the practice upon points not provided for by law, it cannot be admitted that they can enforce a rule of their own which will have the effect of permitting an instrument to be read without proof, which by the established rule of law is required to be proven. They may regulate the time and manner of producing such proof, but they cannot dispense with its necessity. It results, therefore, that the rule of the infe rior court does not.afford a sufficient answer to the objection made to the reading of the deed as evidence in this case.
That the omission of a defendant to answer an allegation of the bill, does not amount to an admission of the fact alleged, except it be within the knowledge of the defendant, was settlf d in the case of Cowan vs. Price, (vol. 1, 173) and the rule with that exception has ever since been considered as incontrovertibly established. That this case does not come within the exception is clear: for the execution of the deed offered in evidence is not alleged to be within the knowledge of the defendants, nor can it be presumed to be, as neither they nor their ancestor were either parties or privies to the deed. We are therefore of opinion that the deed should not have been read as evidence without proof of its execution, and that the court below erred in admitting it.
The decree must be reversed with costs, and the cause remanded for proceedings to be had nqt inconsistent with the foregoing opinion*