Judge Mills
delivered the Opinion of the Court.
[Absent Chief Justice Bibb.]
This is the third time this cause has appeared in this court. The first decision is reported, 3 Bibb 465, and the second, Litt. Sel. Ca. 516. By reference to these the controversy will be understood.
On the return of the last opinion of this court, and after an interlocutory decree was made in pursuance thereof, one of the heirs of Kennedy, the patentee of the defendants title, presented, his petition, and moved for leave to file his answer, and set up another defence in the cause, relying on the ground that he had not before been made a party, or if he was. it was attempted to be done by publication irregularly made.
Abner Hynes, the devisee of Andrew Hynes, who claimed the land by bond from Kennedy, the patentee, made a similar application.
Both these applications were overruled, and we conceive correctly.
For it will be seen by an inspection of the record that the points relied on to warrant the application, were made on the trial of the case before it was last brought to this court, and overruled, on the ground that the record shewed that each of these, defendants had appeared before, and Were well *410 known as proper parties, and these decisions were excepted to.
One to whose defence the bringing in an omitted party was not necessary, cannot assign for error the refusal of the circuit court to admit him, after the cause had been twice here.
*410 On the reversal of the cause on the appeal of Meredith the same questions directly presented themselves in his road in this court, as reasons why he should not have a derision on the merits. And although each of these points was not discussed and settled expressly in that opinion, yet each must be considered as conclusively settled, as if they bad been made the subject of express adjudication, in obedience to the well known maxim, expedit reipublicæ ut sit finis litium and in conformity to previous adjudications of this court.
Besides the record has many entries therein, which clearly fortiy the conclusion of the court below that these persons were well known parties by actual appearance, and orders of consent, in the suit, long before, and during its progress. Although this refusal to admit the answers of Kennedy and Hynes, has been stirred in argument, yet the learned counsel who assigned the errors, and who does not now appear in the cause, seemed to be. sensible of this, and he has not assigned for error, the decision of the court below in rejecting these answers and the new defence offer red, but complains exclusively that the court below at the same stage of the cause,erred in refusing to sustain the petition of Burr Harrison, who applied, stating that he never was made a party, that he had bought the land in contest of Abner Hynes, and held an equity under him, and that he was entitled to be a party, and prayed that the complainant should be compelled to amend his bill, and make him a defendant, and admit his answer and defence; and this is the proper question for our consideration.
The question here, arises—can the heirs of Kennedy assign this treatment of Carrison, as error to their prejudice? we conceive not. If he was a necessary part, they might have required him to come in, long before the cause came to this court the last tune. Besides we do not perceive that any thing in the petition of Harrison exhibits a defence, which they could not make without him, or that his pres *411 ence as a defendant, was at all necessary for their protection he claims title under them, and derived from them or some of them, long after their defence to the suit was exhibited.
The circuit court has not power after an interlocutory decree made or directed by the mandate of this court, to admit new parties to make the same defence, or to allow the same parties to introduce another defence existing before the first decree.
An appeal by the defendants, does not bring before this court the decision of the circuit court overruling the motion of one not before a party to be admitted to defend, whose presence in the cause was not necessary to the rights of the others.
*411 But it has been insisted in argument, that all necessary parties ought to be made at any stage of a cause, when their interest is perceived; that this decree at the time of Harrison’s application was only interlocutory, and, therefore, was in the power of the chancellor; and although it was made in conformity to the mandate of this court, it did not essentially differ in this respect from other interlocutory decrees, and, therefore, new parties might be made.
This position conflicts so directly with the former adjudications of this court, and with the reason and nature of the case, that it is not entitled, to a serious refutation. Upon reversing a decree, in this court, such decree must be given, or be directed to he given, as the court below ought to have rendered in the first instance. The directions thus given by this court, are not in the power of this court, to revoke, after the term of this court has ended. Farless are they in the power of the inferior court, which has not the option to obey or disobey. It is then absurd to say that that court can go to work by new parties, resting on the same defence, or an old defence existing before the first decree, but barely omitted in the first instance, to defeat that mandate.
But we observe that the errors assigned are in the name of Harrison, and are directed to us, as his complaint for the injury he has suffered by the decree.
The appeal is prayed by the defendants only, and not by, Harrison, unless he be a defendant, existing in the cause, before it was in this court. To his complaint, if he was a previous defendant, this prominent answer appears it is strange that he should complain, that the court below had refused to give him the attitude, which he actually held already, and yet at the same time sought to obtain, *412 and it would be as hard for him to excuse himself for delaying to set up his defence till this late hour, as it is for the other defendants, who now rush to the combat, as if it was entirely new.
Appearing in the cause as guardian ad litem and agent, and being named as representive of a decedent in an order for revivor to which there was no appearance, does not make the person a legal party.
Crittenden and Hardin, for appellant; Wickliffe, for appellee.
On the contrary, if be was not previously a defendant he has not appealed, and is not before this court. He appeared, applied to be let in, and was refused, and from this order of refusal, he has not appealed, nor has ha thereto prosecuted a writ of error. This, upon an examination of the record, appears to be the fact. We do not deem him a legal defendant.
It is true his name often appears on the record. He there appears as agent, as guardian ad litem, and as manager of the controversy. At an early stage thereof, he was named as a defendant together with his wife, one of the heirs of Hynes, in an order of revivor: on this order, however, no proceedings seem to have been had. to compel him to come in; bat the complainant below, appears to have abandoned the idea, of reviving and prosecuting his suit against all the heirs of Hynes, and to have selected Abner alone, as the devisee of the entire interest of his father, for whom Harrison then defended as guardian ad litem. Under such circumstances, even if it appeared clearly that Harrison had been the virtual and substantial defendant, protecting his real ownership in the names of others, as has been contended, we do not think it correct to adjudicate upon his rights or to conclude, them, further than our decisions between the legal parties, may have a bearing upon his interest, until he shall bring the order made, overruling his petition before us.
The decree must be affirmed, with costs.