## CLARK ET AL. *vs.* JONES ET AL.

[CREDITORS' BILL TO SUBJECT EQUITABLE ASSETS TO JUDGMENTS.]

1. *Effect of answer as evidence; proof of executions.*—Where judgment cred-
itors, who have exhausted their legal remedies, file a bill in equity to
reach equitable assets of their debtor, the issue and return of executions
on their judgments, as alleged, is a matter which is presumed to be
within the debtor's knowledge; consequently, his failure to either admit
or deny, in his answer, the allegations of the bill as to that matter, is
an admission of their truth; and the issue and return of the executions,
as alleged, being thus established as against him, his co-defendant, in
whom is vested the legal title to the land sought to be condemned, and
whose prior lien is allowed by the decree, can not insist on other proof
of those facts.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. JOHN FOSTER.

THE bill in this case was filed, on the 10th March, 1860,
by Henry C. Jones, John Peters, and Richard B. Baugh, as
judgment creditors of Samuel S. Clark, against said Clark
and John W. Scruggs; and sought to reach and subject to
the satisfaction of the complainants' several judgments said
Clark's interest in a certain lot, or tract of land, which was
situated in said county of Madison, and the legal title to
which was held by said Scruggs. The judgment of said
Henry C. Jones was rendered, by the circuit court of Mad-
ison, on the 24th February, 1859; and the judgments of
said Peters and Baugh were rendered by the circuit court
of Lauderdale, at its April term, 1859. The bill alleged,
that executions on these judgments were regularly issued,
and returned "No property found"; that said Clark had
purchased from said Scruggs, his co-defendant, two or three
years before the bill was filed, the lot, or tract of land,
which the bill sought to condemn, and had erected valuable
improvements upon it; that the complainants were ignorant
of the terms of the contract between Clark and Scruggs,
and did not know how much of the stipulated purchase-

money had been paid by Clark; that he had done a great deal of work for Scruggs, and had paid the greater part of the purchase-money in that way, and that Scruggs still retained the legal title to the lot. The interrogatories appended to the bill, which each of the defendants was required to answer, sought a discovery as to the terms of the contract between Clark and Scruggs, the amount due to Clark for work done, the balance of purchase-money due to Scruggs, &c. The bill prayed an account of the amounts due to the complainants on their respective judgments, and an account between Clark and Scruggs of the transactions between them; that the lot and improvements might be sold, and the proceeds of sale applied, after paying any balance due to Scruggs, in satisfaction of the complainants' judgments; and for other and further relief, according to the facts of the case.

Separate answers were filed by the defendants. The answer of Clark, or the material portion thereof, was as follows: "The debts and judgments, as set forth in complainants' bill, are believed to be correct. In answer to the other matters inquired of, respondent saith, that he has read the answer of his co-defendant, John W. Scruggs, that the same is true and correct, and he adopts it as his answer. The whole contract between respondent and said Scruggs was and is in parol; and respondent pleads, in short, the statute of frauds." The answer of Scruggs denied all personal knowledge of the complainants' debts and judgments against Clark, and of the issue and return of executions thereon; and he prayed that the complainants might be held to strict proof of the allegations of the bill as to these matters. He also set out the terms of the contract between said Clark and himself, and claimed that, under said contract, there was a balance of more than fifteen hundred dollars due him, for moneys advanced, &c., and that he had a lien on the lot and improvements thereon for the payment of that balance.

The cause was submitted for final decree, "on the pleadings"; and the chancellor thereupon rendered a decree for the complainants, and ordered a sale of the land by the register, "subject to the lien of said Scruggs for the unpaid purchase-money due to him under the contract with

said Clark," and directed the residue of the proceeds of sale to be applied to the payment and satisfaction, *pro tanto*, of the complainants' several judgments.

The appeal was sued out by both of the defendants, and the chancellor's decree was assigned as error by them jointly.

WALKER & BRICKELL, for appellants.—The jurisdiction of the court in this case was dependent on the concurrent facts of judgments, executions thereon, and the return of those executions unsatisfied, as alleged in the bill.—*Morgan v. Crabb*, 3 Porter, 470; *Vandegraaf v. Medlock*, 3 Porter, 392; *Roper v. McCook*, 7 Ala. 319; *Reese v. Bradford*, 13 Ala. 837; *Sanders v. Watson*, 14 Ala. 198. The answer of Clark admits the debts, and judgments thereon, as alleged; but it is silent as to the issue and return of the executions, and adopts the answer of his co-defendant; while the answer of Scruggs denies all personal knowledge of the judgments and executions, and requires proof thereof. The answers were clearly insufficient, and subject to exception; but, not having been excepted to, the complainants were bound to prove the averments of the bill which were not admitted. —*Savage v. Benham*, 17 Ala. 119; *White v. Wiggins*, 32 Ala. 424; *Young v. Grundy*, 6 Cranch, 51; *McArthur v. Phœbus*, 2 Ohio, 487; 2 Daniell's Ch. Pr. 984, note.

RICE, SEMPLE & GOLDTHWAITE, *contra.*—The issue and return of executions, as alleged, on the judgments against Clark, are matters which are presumed to be within his personal knowledge; and his failure to admit or deny, in his answer, the allegations of the bill as to these facts, is an implied admission of their truth.—*Price's Adm'r v. Boswell*, 3 B. Monroe, 18; *Neal v. Ogden*, 5 Monroe, 362; *Lawless v. Blakey*, 5 Monroe, 489; *Grady v. Robinson*, 28 Ala. 289; *Reading v. Ford's Heirs*, 1 Bibb, 338; Story's Equity Pleadings, §§ 854–5, and notes.

PER CURIAM.—We think the authorities establish the proposition, that a matter alleged in a bill can only be regarded as admitted by the failure of the defendant to

Clark et al. v. Jones et al.

answer, when it can either be presumed to be, or is alleged to be, within the defendant's knowledge.—*Thorington v. Carson*, 1 Porter, 257; *Bank of Mobile v. P. & M. Bank of Mobile*, 8 Ala. 772; 3 Greenl. on Ev. § 276; *Cowan v. Price*, 1 Bibb, 173; *Moore v. Lockett*, 2 Bibb, 67; *Pearson v. Meaux*, 3 A. K. Marsh. 4; *Moseley v. Garrett*, 1 J. J. Marsh. 212, 215; *Mitchell v. Maupin*, 3 Mon. 185; *Kennedy v. Meredith*, 3 Bibb, 465; *Tate v. Conner*, 1 Dev. Eq. 224; *Lunn v. Johnson*, 3 Ired. Eq. 70; *Cropper v. Burtons*, 5 Leigh, 426; *Coleman v. Lynes*, 4 Rand. 454; *Kirkman v. Vanlier*, 7 Ala. 217. So, also, it is settled, that an evasive answer is not an admission.—*White v. Wiggins*, 32 Ala. 424; *Savage v. Benham*, 17 Ala. 119.

The defendant Clark admits the debts and judgments, as alleged; but his answer is silent in reference to the allegation of the issue and return of executions. We think these facts are, so far as all the executions are concerned, presumed to be within the knowledge of the defendant Clark, and therefore, *prima facie*, within his knowledge. We cite, in support of our position, the following authorities: *Kirkman v. Vanlier, supra; Grady v. Robinson*, 28 Ala. 289; *Smilie v. Siler*, 35 Ala. 94.

The issue and return of executions were matters of necessary evidence, only as against the defendant Clark. It was a matter in which the other defendant (Scruggs) was not at all interested. Those facts were, therefore, sufficiently proved, by the implied admission of the defendant Clark's answer.—*Hartley v. Bloodgood*, 16 Ala. 233. By the direct and implied admission of Clark's answer, the judgments, executions, and returns upon them, are established; and this being the only point on which the decree of the court below is attacked, it must be affirmed.

Affirmed.