## Stallworth, Adm'r *v.* Lassiter.

### *Practice in Chancery.*

1. *An answer should distinctly show what is alleged on knowledge and what on information.*—A denial of allegations on information and belief, by a defendant in a suit in equity, will not overturn positive averments; and if the answer of the defendant does not distinctly show what is alleged on his knowledge, and what on his information and belief, the decree of the chancellor will be affirmed.

APPEAL from the Chancery Court of Conecuh.

Heard before the Hon. HURIOSCO AUSTILL.

The bill of the complainant, Samuel O. Lassiter, shows that he was the son-in-law of William M. Stallworth, who died intestate at his home in Conecuh county in March, 1877. During the life of the decedent, the complainant executed to him two mortgages—one on or about the 15th day of May, 1875, upon the land therein described, and also upon his entire crop of corn and cotton produced on the land. The mortgage was made to secure the payment of a note for five hundred dollars, payable on the first day of January, 1876. In the fall of 1875 he paid, by the delivery of thirteen bales of cotton at the price of eleven and a quarter cents per pound, the amount due to William M. Stallworth, and had in his hands, as a part of the proceeds of the cotton, nearly one hundred dollars.

In January, 1876, the complainant executed a second mortgage upon the same land and upon the crops of corn and cotton that might be produced on it. This mortgage was to secure the payment of five hundred dollars lent to him, and for which he was to pay an interest of twelve and one-half cents; but of this sum, of five hundred dollars, he received only seventy-five dollars. This sum had been paid by the residue of the proceeds of the thirteen bales of cotton, remaining in the possession of the said William Stallworth; and thereby the second mortgage was satisfied.

On the 28th day of May, 1877, William M. Stallworth, Jr., was appointed by the Court of Probate of Conecuh county administrator of the estate of the decedent, who was his

[Plowman et al. v. Henderson, Adm'r.]

father. And on the 6th day of November, 1877, under the power granted in the said mortgage, he advertised for sale the land therein described. For the purpose of enjoining the sale of this property, the complainant filed his bill on the 15th day of November, 1877, in the Chancery Court of Conecuh. In accordance with the prayer of the complainant, a writ of injunction was issued to the said William M. Stallworth, Jr. The defendant filed his answer, containing denials made upon his own knowledge and upon information and belief, and also demurred on several grounds to the bill.

At the April term, 1878, of the Chancery Court of Conecuh county, the case was "submitted on motion to dissolve the injunction upon the denials contained in the answer, and also upon the demurrers." The demurrer was overruled, and the dissolution of the injunction was denied.

GEORGE R. FARNHAM, for appellant.

J. W. POSEY, for appellee.

STONE, J.—We find it difficult, if not impossible, to determine, either from the answer, or the affidavit attached to it, what is intended to be stated on knowledge of the defendant, and what on information and belief. He is but an administrator, and the charges in the bill are not presumed to be within his personal knowledge. Such denials do not overturn positive averments, and the result is the decree of the chancellor must be affirmed.—*Rembert v. Brown*, 17 Ala. 667 ; *Sheppey v. Davis*, at the present term.