# Agnew v. McGill.

*Bill in Equity to Enforce Vendor's Lien on Land.*

1. *Burden of proof as to payment of purchase-money; recitals of deed.* Under a bill to enforce a vendor's lien on land, the burden of proving payment of purchase-money is on the defendant, but a recital of payment in the conveyance is, in the absence of proof to the contrary, sufficient evidence of payment.

2. *Equity pleading; effect of denials upon information and belief only, in answer under oath.*—Where a bill in equity does not waive an answer under oath, the denials in such answer, upon information and belief only, of allegations of the bill count for nothing as evidence for the defendant, and will not, therefore, prevail against the testimony of one witness to the contrary; but such denials have the same effect as denials in an unsworn answer, and put the complainant to the proof of the allegations denied.

3. *Declarations of husband, as evidence against wife.*—Under a bill to enforce a vendor's lien on land which the complainant had conveyed to the defendant, who was a married woman, the declarations of the defendant's husband, made after the execution of the deed to her, and with which she had no connection, are not competent evidence against her.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. WM. H. TAYLOE.

HANNIS TAYLOR, and PILLANS, TORREY & HANAW, for the appellant.—Mrs. McGill admits in her answer that she did not pay the purchase money. The assertion in her answer that her husband, Daniel McGill, paid for the land, is not responsive to any allegation or question contained in the bill, and is matter in avoidance of her admission, which she must support by proof.—*McGhee v. Lehman*, 65 Ala. 316;

[Agnew v. McGill.]

*Donovan v. Haynie,* 67 Ala. 51 ; *Moses v. Johnson,* 88 Ala. 517 ; *Craft v. Russell,* 67 Ala. 9 ; *Barton v. Barton,* 15 Ala. 400 ; *Clements v. Nicholson,* 6 Wal. 299 ; 3. Brick. Dig. p. 404. And such allegation, made upon information and belief only, can not be treated as evidence for the defendant.—*Stallworth v. Lassiter,* 59 Ala. 558 ; *Pearce v. Nix,* 34 Ala. 185 ; 1 Daniell's Chan. P. & P. (4th Ed.) p. 846, note 4 ; 3 Brick. Dig. p. 390. And the effect of the recital in the deed from Agnew to Mrs. McGill as *prima facie* evidence of payment is destroyed by the admission in the answer that the recital does not state the truth.—*Grady v. Robinson,* 28 Ala. 289 ; *Smilie v. Siler,* 35 Ala. 88.

GREGORY L. & H. T. SMITH, and CLARKES & WEBB, *contra.* A denial in a sworn answer, made upon information and belief, casts upon the complainant the burden of proving the allegations thus denied.—*Pauling v. Watson,* 21 Ala. 284 ; *Dugan v. Gittings,* 43 Am. Dec. 313. The recitation of the payment of the purchase money, contained in the deed, cast upon the complainant the burden of proving that it had not been paid. *Jenkins v. Matthews,* 80 Ala. 486 ; *Carver v. Eads,* 65 Ala. 190. The declarations of the husband, in disparagement of the wife's title, are not admissible against her.—*Carver v. Eads, supra ; Brunson v. Brooks,* 68 Ala. 248.

WALKER, J.—The bill in this case was filed by the appellant, George W. Agnew, to enforce his alleged lien as vendor for the purchase price of land which had been conveyed by him to the appellee, Mrs. Mary J. McGill, and by the latter subsequently conveyed to the other appellee, Dickens. The complainant's deed itself, which is made an exhibit to his bill, recites the payment of the purchase-money by the grantee and its receipt by the grantor. But the bill as last amended alleges "that the said Mary Josephine McGill, the grantee in said deed, never, before or after such lands were sold and conveyed to her by orator, paid for the same the price thereof, nor any part thereof, and the same remains unpaid to this day." In the interrogating clause special interrogatories, based upon the charging part of the bill as last amended, were propounded to the two defendants respectively. As sworn answers were not waived, each of the defendants was required to answer under oath. The defendant Mrs. McGill in her answer denies that there is any portion of the purchase-money due to the complainant, or that he has any lien, or claim of any kind, on the land, and avers that the purchase-money has long since been paid in full,

32-96.

[Agnew v. McGill.]

It appears, however, from her answers to the special interrogatories that she did not have personal knowledge of the payment of the purchase-money, as she alleges that the purchase was not made by herself in person, but by her husband, Daniel McGill, since deceased, and that she did not personally know what occurred between him and the complainant in the purchase of the land. Her answer to the special interrogatory as to the truth of the recital of payment in the deed shows that she did not personally know that the purchase-money had been paid; but she clearly states her belief in the truth of the recital. All the testimony taken by the complainant to show the non-payment of the purchase-money having been excluded, he relied for support in his contention in this regard on the admissions in the sworn answers. He contends that these admissions show the falsity of the recital in the deed, and that, the effect of that recital as *prima facie* proof of payment having thus been overcome, the burden was cast on the defendants to prove payment, which they have not done.

A sworn answer, responsive to the charges of the bill, and denying them, is evidence for the defendant, which can be overturned only by the opposing testimony of two witnesses, or of one witness with corroborating circumstances. So far as the statements of the answer are not responsive, or are of matters in avoidance of the facts stated in the bill, they are not evidence.—3 Brick. Dig. p. 390, §§ 382–3. The effect of the complainant's demand for an answer under oath is that he is to be considered as thereby consenting to treat the statements of the defendant in his answer as evidence so far as they are made in response to the allegations and interrogatories of the bill which the defendant is called on to answer; but he does not thereby consent to treat as evidence statements by the defendant which are not made in response to the claimant's demand for an answer. As to the averments which are not responsive, or are of matters in avoidance of the facts stated in the bill, the answer is mere pleading of affirmative, defensive matter, and as such is ineffectual unless sustained by proof. It is not because the law allows any greater credit to the sworn answer of a defendant than to the deposition of one who is examined as a witness in the cause that the responsive statements of the answer prevail unless overcome by the testimony of more than one witness, or of one witness with corroborating circumstances. This rule is based on the simple reason stated in *Pennington v. Gittings*, 2 Gill & J. 215, that "as one witness would only be equivalent to the answer, and the plain-

[Agnew v McGill.]

tiff, to prevail, must have preponderating proof, it is necessary that he should have another witness, or circumstances in addition to the testimony of one, in order to turn the scale." So far as the answer is to be regarded as testimony because it is responsive, it must be treated as any other testimony. If the same statements, had they been embodied in a deposition, should have been regarded as infected with such infirmities that they would not be entitled to sufficient weight to balance counter statements in another deposition, they will not be given greater weight merely because they are found in an answer. As the testimony of a witness who speaks merely from hearsay, even if admitted, is overborne by the opposing statements of one who speaks from a knowledge of the facts; so, for the same reason, the statements in the answer of a defendant based, not upon his own knowledge of the matter in question, but only upon information and belief, are not to be considered as balancing the testimony of a witness who swears to the facts from his own knowledge. Hearsay testimony is generally inadmissible as evidence whether found in an answer or in a deposition. The statements of an answer which are made upon information and belief only are no more entitled to consideration as evidence than is the hearsay testimony of a witness. Such statements can not properly be considered as the equivalent of the testimony of one witness. They are worthless as evidence. They will not, therefore, prevail against the testimony of one witness to the contrary. But the sworn answer is not to be looked to as evidence and nothing more. Its function as pleading must also be considered. While denials upon information and belief only count for nothing as evidence for the defendant, yet they are sufficient as pleading to cast upon the complainant the burden of sustaining his allegations by proof. When a defendant has not personal knowledge of matters alleged in the bill, in reference to which an answer from him is demanded, he is not required to affirm or deny them as within his knowledge. His duty to answer under oath is fulfilled when he responds to the best of his knowledge, remembrance, information and belief; and such denials are effectual to put in issue the allegations denied. As to such matters the defendant has the right to require the complainant to prove his case. His inability to make his answer such as to serve him as evidence does not deprive him of the benefit of his defensive position. Sworn denials upon information and belief have, as pleading, the same effect as denials in an unsworn answer. They merely put the complainant to the proof

[Agnew v. McGill.]

of the allegations denied.—*Stallworth v. Lassater*, 59 Ala. 558; *Paulding v. Watson*, 21 Ala. 279; *Savage v. Benham*, 17 Ala. 119; *Newman v. James*, 12 Ala. 29; *Reynolds v. Pharr*, 9 Ala. 560; *Dugan v. Gittings*, 3 Gill. 138; s. c., 43 Am. Dec. 306; 1 Dan. Ch. Pl. & Prac. *844; 6 Amer. & Eng. Encyc. of Law, 800. When material matters are stated in the bill, which, *prima facie*, are within the knowledge, information or belief of the defendant, if in his answer he fails to deny them, or to express his belief of their falsity, and does not state that he can not form any belief respecting their truth, they must be considered as admitted.—*Smilie v. Siler*, 35 Ala. 88; *Grady v. Robinson*, 28 Ala. 289. Manifestly, it would be a perversion of this rule to give it such effect that, in obedience to it, a fact would be treated as admitted of which the defendant disclaims any personal knowledge, but the truth of which he denies on information and belief. When the answer is evasive, in failing to state directly the knowledge, information or belief of the defendant as to the substance of the matters alleged in the bill, it is subject to exception for insufficiency. But, though such ground of exception exists, if it is not availed of, but the answer is permitted to stand, its denials upon information and belief of matters *prima facie* within defendant's knowledge, but of which he disclaims any knowledge, can not be regarded as admissions, but are effectual to put the complainant to the proof of the allegations thus denied.—*Savage v. Benham, supra.*

In the present case, *prima facie*, Mrs. McGill, the grantee in the deed from the complainant, has personal knowledge of the truth or falsity of the recital of the payment of the purchase-money. But her answer rebuts this *prima facie* presumption of knowledge on her part. She denies any personal participation in the purchase. Her answer shows that the purchase was made for her by her husband, Daniel McGill, since deceased. She states, upon information and belief, that he paid the purchase-money for her. The recital in question would be equally true in substance whether the payment was made by the grantee personally or by her husband for her. In view of the defendant's explanation that purchase was made by her husband for her, and that she in person took no part in the transaction, a bare admission by her that she did personally pay the purchase-money would have been a negative pregnant not amounting to a confession that the recital of the fact of payment was false. It was not incumbent on her to confess the falsity of the recital if she did not know it to be false. She had the right to answer on information and belief as to a matter of which she did

[Matkin v. Marx.]

not have personal knowledge. And while her denials in this form are not to be considered as evidence, they are sufficient as pleading to put in issue the allegations in question. The defendant can not be considered as admitting the falsity of the recital when she disclaims personal knowledge of its truth or falsity, but alleges, on information and belief, that it is true. And on the issue of payment *vel non* of the purchase-money, though the burden in that regard was on the defendant, and though the statements of her answer, because made on information and belief only, are not evidence for her, yet the recital itself, in the absence of proof to the contrary, was sufficient evidence of the payment.—*Jenkins v. Matthews*, 80 Ala. 486; *Wood v. Chapin*, 13 N. Y. 509; s. c., 67 Amer. Dec. 62. There was no admission in the answer to overturn the effect of that recital as proof of payment.

The declarations of the husband, made after the execution of the complainant's deed to the wife, and with which she had no connection, are not competent evidence against her. The evidence as to such declarations was properly excluded. *Carver v. Eads*, 65 Ala. 190; *Brunson v. Brooks*, 68 Ala. 248; *Rumbly v. Stainton*, 24 Ala. 712; *Louisville & Nashville R. R. Co. v. Carl*, 91 Ala. 271. With this evidence excluded, the complainant was left without anything to rebut the proof of payment furnished by the recital in his deed. That recital prevails, as its truth is not impeached by proof or by admissions in the answer of the defendants. The complainant failed to prove his case. The decree dismissing the bill must, therefore, be affirmed.

Affirmed.