# Polytinsky *v.* Patterson & Son.

## *Trover and Conversion.*

(Decided Dec. 19, 1911.   57 South. 130.)

1. *Evidence; Documents; Record of Conveyance; Endorsements.*—Under sections 3368 and 3999, the admissions in evidence of a recorded instrument bearing a proper certificate places before the court the instrument and endorsements thereon, and in the absence of an express limitation in the offer of the instrument, so as to exclude the endorsement, the conduct of the parties may be looked to in determining whether the endorsement is in evidence.

2. *Same; Conclusion of Witness*—A question which calls for an inference which it is the province of the jury to draw from the facts detailed, is improper.

3. *Same; Hearsay.*—In an action by a mortgagee for the conversion of mortgaged chattels by a purchase of them from the mortgagor, statements made by the mortgagor as to the sources from which he obtained a sum paid by him on the mortgage was hearsay and properly excluded.

4. *Appeal and Error; Review; Questions Raised on Appeal.*—Where plaintiff's counsel stated without objection that a mortgage relied on was recorded and exhibited the endorsement of the record on the mortgage, and the court's oral charge was that the recording of the mortgage was constructive notice, and the exception to the charge did not raise the point that the endorsement of the mortgage was not in evidence because not offered when the mortgage was received in evidence, the defendant waived the requirement that the endorsement must be offered in evidence and he could not, for the first time on appeal, urge that the endorsement was not in evidence.

5. *Same; Waiver.*—Assignments of error not argued or insisted upon in brief of counsel will be deemed to have been waived.

6. *Same; Harmless Error; Evidence.*—Where the question was practically answered by testimony of the witness to which no objection was interposed, it was harmless error to sustain an objection to the question.

7. *Mortgages; Conversion of Chattel; Evidence.*—Where the action was by mortgagee for conversion of mortgaged chattels against the buyer of such chattel, and the evidence showed that the purchases were really made from the mortgagor, and that a crop sold was embraced in the mortgage to plaintiff, it is not error to exclude evidence relative to a crop shown by defendant's books to have been purchased from a third person.

8. *Same.*—Where the action is in trover for the conversion of mortgaged chattels and the plaintiff testified that he obtained one of the mules embraced in the mortgage, but did not get the other, the

[Polytinsky v. Patterson & Son.]

question as to what the other mule was worth, and what became of it, was immaterial in the absence of a showing that the plaintiff obtained the other mule.

9. *Same; Instructions.*—In an action in trover by a chattel mortgagee against one purchasing the chattel mortgaged, a charge asserting that the recording of the mortgage gives constructive notice, followed by an illustrated statement of the recording of the mortgage in the county in which the trial was had instead of the county in which the property was, was not prejudicial.

10. *Same.*—Where plaintiff made no claim based on defendant's dealings with goods belonging to any other than the mortgagor, a charge that if the goods involved in the suit were produced in a designated county, the recording of the mortgage in that county was notice to the defendant of the mortgage lien, was not prejudicial because not expressly limiting its application to goods belonging to the mortgagor.

11. *Same; Notice; Constructive and Actual.*—Actual notice of a mortgage is the equivalent of constructive notice afforded by registration in the proper office.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by M. F. Patterson & Son against Abraham Polytinsky for several acts of conversion and for money had and received to the use of the plaintiffs. Judgment for plaintiffs, and defendant appeals. Affirmed.

It appears that C. H. Morgan was indebted to Patterson & Son in the sum of $240, which was secured by mortgage, and this is the mortgage, the indorsement on which is spoken of in the opinion. The suit was to recover crops alleged to have been bought by the defendant, and certain sums of money paid to the defendant arising from crops and other things alleged to have been covered by said mortgage.

The following is the part of the oral charge of the court objected to: "Under the law, if a mortgage has been recorded in the probate office of this county, the law is that, whether or not another person has actual notice, he has constructive notice, and if he has actual notice of it, of course, he has constructive notice."

The following charges were given at the instance of the plaintiffs: "(1) If you believe that the cotton in-

volved in this suit was raised in Cullman county, then the record of the mortgage in Cullman county was notice to the defendant of plaintiff's mortgage lien on the cotton. (2) Under the facts in this case, the defendant is not entitled to a verdict by reason of being an innocent purchaser of the cotton. (3) If the jury believe from the evidence that Polytinsky bought from Morgan, or J. T. Godby, cotton on October 2, or on October 25, 1909, and that said cotton was Morgan's cotton, which he raised in Cullman county, then you should find against defendant for the value of said cotton, not exceeding the amount of plaintiff's mortgage indebtedness."

TIDWELL & SAMPLE, for appellant. The general charge as to the whole case and to each count thereof should have been given, since there was no evidence that the mortgage was recorded or filed for record. The record cannot be proved except by the record itself or the endorsement on the paper separately and distinctly offered in evidence.—*Drexel v. Murphy,* 80 N. W. 813; 2 Cobbey on Mortgages, sec. 587; *City Bank v. Ratkey,* 44 N. W. 362. Counsel discuss other assignments of error, but without further citation of authority.

CALLAHAN & HARRIS, for appellee. Counsel insist that the certificate of record was properly before the court, and that the appellant cannot now be heard to say that the mortgage is not recorded or that evidence of its record was not produced.— Sec. 3386, 3374, 2082, subd. 7, Code 1907. Counesl discuss other assignments of error, but without citation of authority.

WALKER, P. J.—It is urged in behalf of the appellant that this court, in reviewing the rulings of the trial

court, cannot look to or consider as a part of the evidence on which the case was tried the certificate of the judge of probate of Cullman county, indorsed on the mortgage of C. H. Morgan to the appellee, which showed the filing and recording of that instrument. This contention is based upon the fact, disclosed by the bill of exceptions, that the appellees in offering that instrument in evidence made no mention of the indorsement upon it, and that that indorsement was not separately and formally offered in evidence. As the statutes provide that "the judge making the record of any conveyance must certify on the same when it was received and recorded, and in what book and page the same is recorded," and that "the official entry of the proper officer on a paper shall be sufficient evidence of its registry" (Code, §§ 3368, 3999), when such a document which has in fact been recorded and has upon it the certificate to that effect contemplated by the statute is put in evidence, a necessary result of this action is to place in the hands of the court the indorsement found on the instrument, constituting evidence that it has been registered and recorded. It is not questioned that the offer of such a document as evidence may be so limited as to exclude the conclusion that there was an intention that the indorsement upon it also was produced for the inspection and consideration of the court. But, in the absence of an express limitation to this effect in the offer of the document in evidence, the conduct of the parties in the trial may be looked to in determining whether the indorsement is to be regarded as a part of the evidence on which, without objection, the case was tried. If in the trial that writing, unquestionably in fact in the hands of the court, was by the court and one of the parties, without question or objection by the other party, treated as a part of the evidence submitted

to the jury for its consideration, such other party is to be regarded as having acquiesced in the treatment of it as evidence in the case, and on appeal it is too late for him to suggest for the first time that it was not in evidence.

The bill of exceptions recites that "in the opening argument plaintiffs' counsel commented on the fact that the mortgage was recorded in the probate judge's office in Cullman county, and that this was notice to the defendant, and exhibited the indorsement of the record of the mortgage on the back of the mortgage to the jury. This was without objection from defendant's counsel." The court in its oral charge to the jury gave them instructions on the subject of the recording of a mortgage in the office of the judge of probate affording constructive notice of it. With the indorsement in question out of the case, this instruction was without pertinency to any evidence before the jury. No objection was made in behalf of the defendant to the court's instructing the jury on this subject. It is true that an exception was reserved by the defendant to a part of the court's oral charge dealing with this subject, but the exception was in such form as to indicate that the purpose was, not to except to the action of the court in charging on a matter claimed not to be embraced in the evidence in the case, but to challenge the correctness of the language excepted to as a statement of the law applicable to the subject dealt with.—*Humphries v. State,* 2 Ala. App. 1, 56 South. 72. So it plainly appears that the court and the counsel for the plaintiffs, in the presence of the defendant and without objection or protest from him, treated the indorsement on the mortgage as a part of the evidence in the case to be considered by the jury in rendering the verdict. If there is a requirement, as is indicated by some rulings in other jurisdictions

which are cited in the brief for the appellant, that such an endorsement on an instrument which is in evidence must itself be offered in evidence in order for it to be subject to consideration in the case, yet the conduct of the appellant in this case, when the indorsement in question was unequivocally referred to by the court and opposing counsel as constituting an item of the evidence on which the case was being tried, was such as to amount to a waiver of that requirement and to a consent that the indorsement be regarded as before the court and jury for their consideration as part of the evidence in the case. The formality of getting a writing indorsed on an instrument offered in evidence before the court by an explicit statement that the indorsement also is offered in evidence may be waived by conduct evincing a consent that it be treated as evidence in the case. The appellant's conduct in the trial has precluded him from now sustaining the claim that the indorsement on the mortgage was not in evidence.

One of the plaintiffs detailed a conversation he had with the defendant in reference to the latter's buying cotton from Morgan. The witness testified that the defendant said, when asked if he had bought any cotton from Morgan lately.: "I don't know. I think I have, but I will have to see my books." The witness further testified that he (the witness) then went to the defendant's bookeeper, and, after telling her that defendant had referred him to the books, examined the books, made a memorandum, and then had another conversation with the defendant, in reference to which he testified as follows: "I told him the books showed he got three bales. It was his suggestion that he would make Charlie settle up, and I told him if he did that it would be satisfactory. I don't know that Polytinsky bought any cotton from Charlie Morgan. Mr. Polytinsky's books

didn't show it, not from Morgan. When I went back to Mr. Polytinsky with this memorandum, showing the three bales of cotton, I told him that I found that he had bought three bales of cotton. I didn't tell him that I had got it from the bookkeeper. My memorandum showed the dates, the number of bales, and the weights. And I went and talked with him as though the books showed he got the cotton from Charlie Morgan. I showed him the memorandum I got from the books. * * * I do not know that Mr. Polytinsky don't even write." In reference to this conversation, the witness was asked on cross examination if he left the impression on the defendant that the latter had bought those three bales of cotton from Morgan. The plaintiffs objected to the question, the court sustained the objection, and the defendant excepted. This ruling is assigned as error. Leaving out of view the consideration that the question called for an inference or deduction which it was the province of the jury, not of the witness, to draw from the facts and conversation detailed, it can be said that it is plain that the appellant could not have been prejudiced by the ruling on this particular question as it was practically answered by what the witness testified to without objection.

The refusal of the court to exclude the evidence in reference to cotton shown by the defendant's books to have been purchased by him from one Godby was justified by the facts that there were circumstances in evidence tending to show that the purchases were really made from Morgan, and that the cotton was embraced in Morgan's mortgage to the plaintiffs.

The witness Patterson having testified in reference to the plaintiff's getting one mule which was embraced in the mortgage of Morgan to them, and that they did not get two mules under that mortgage, in the absence of

other evidence tending to show that the plaintiffs got the other mule mentioned in the mortgage, the question to the witness as to what such other mule was worth and what became of it called for immaterial evidence, and it was not error to sustain objections to those questions.

The questions asked the witness Carl Patterson on cross-examination as to statements made by Morgan in reference to the source from which he obtained a sum paid by him on the mortgage to the plaintiffs called for mere hearsay testimony, and the court was not in error in sustaining objections to those questions.

There was nothing in the part of the court's oral charge which was excepted to that could have involved prejudice to the defendant. The first proposition involved in that part of the charge is that the recording of a mortgage in the office of the judge of probate of a county constitutes constructive notice of it. The fact that in the illustrative statement made by the court on this subject the county in which the trial took place was mentioned, instead of the county in which the only cotton in question in the case was grown, did not render the statement erroneous. As actual notice of the mortgage is the equivalent of the constructive notice of it afforded by a registration of it in the proper office (*Gamble v. Black Warrior Coal Co.*, 172 Ala. 152, South. 190), the other statement embodied in that part of the charge could not have involved injury to the appellant.

As the only cotton involved in the suit was cotton claimed by the plaintiffs to have been the property of Morgan, written charge 1 given at the instance of the plaintiffs could not well have been understood by the jury as asserting anything more than if that cotton was raised in Cullman county, then the record of the mort-

gage in that county was notice to the defendant of the plaintiff's mortgage lien. In view of the fact that the plaintiffs were not making any claim against the defendant based upon his dealing with cotton belonging to any one other than Morgan, the suggestion that the charge was erroneous and prejudicial because it was not expressly limited in its application to cotton belonging to Morgan cannot be sustained.

The assignments of error based upon the giving of written charges 2 and 3 requested by the plaintiffs are not supported by argument or citation of authority, and need not be considered. It may be said, however, that we discover no error in either of them.

As the ground of attack made in behalf of the appellant upon the action of the court in refusing to give written charges requested by him is the claim, already disposed of, that the indorsement of the judge of probate on the mortgage of Morgan to the plaintiffs, showing that it had been registered and recorded, was not in evidence, further mention of those rulings is not necessary.

Affirmed.