# Vandegrift, *et al. v.* Shortridge.

## *Bill to Quiet Title.*

(Decided April 17, 1913.    Rehearing denied May 8, 1913.
61 South. 897.)

1. *Quieting Title; Admissions of Answer; Proof.*—Where the bill to quiet title alleged that complainants are in the peaceable possession of, and owned, the land, an answer merely denying that complainants are owners of the land admits the peaceable possession of the complainant : and where the evidence, aside from the admisssion, establishes peaceable possession in complainants, respondents must show title superior to complainants' right of possession to defeat a decree for complainant.

2. *Same; Decree; Transfer of Title.*—A decree quieting title of land in an heir as against the grantee of the heir's ancestor, rendered in a suit against such grantee, does not have the effect to transfer title to the heir, but estops the grantee of the ancestor from asserting title as against such heir.

3. *Deeds; Construction; Qualifying Terms.*—The deed examined and held to convey an undivided half interest in the single track in section 30, the phrase undivided half, qualifying only that track and not the other lands described by government survey.

4. *Same; Favorable to Grantee.*—Where a deed is fairly doubtful it will be construed most strongly against the grantor and in favor of the grantee.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Annie Vandegrift and another, against W. W. Shortridge to quiet title to land. From a decree for respondents complainants appeal. Reversed and rendered.

W. H. SMITH, and JOSEPH T. COLLINS, JR., for appellant. Appellant was not required to have title by possession, but merely actual, peaceable possession.—*Newell v. Manley,* 173 Ala. 205. This was shown not only by the admission in the answer, but by the evidence independent thereof, which placed upon appellee the bur-

den of showing title in himself, or a lien or encumbrance on the land.—115 Ala. 582; 128 Ala. 579; 137 Ala. 298. Such possession under color of title will defeat any claim except an actual conveyance from one in prior possession.—158 Ala. 91; 167 Ala. 615; 169 Ala. 433. A person holding peaceably may show that the person suing him had been divested of his title.— Authorities supra; *Wood L. Co. v. Williams,* 157 Ala. 73. The court will presume foreclosure of the mortgage under which Vandegrift holds.—57 Ala. 108; 73 Ala. 105; 128 Ala. 198; 129 Ala. 531. The deed of Shortridge should be construed most strongly against him.—Devlin on Deeds, secs. 8, 140, 848; 166 Ala. 312.

L. J. HALEY, JR., for appellee. The presumption is that a mortgage twenty years past due has been paid. The decree of the court in the *Southern M. L. Co. Case* divested whatever title the land company had, and vested it in Shortridge. The older title gives possession. —*Reddick v. Long,* 124 Ala. 267; *Strange v. King,* 84 Ala. 212; *Mills v. Clayton,* 73 Ala. 359; *Anderson v. Miller,* 56 Ala. 621.

SOMERVILLE, J.—Appellants filed their bill to quiet title to certain lands. The second paragraph of the bill avers that "complainants are in the peaceable possession of, and own," the lands in suit. In answering this specific paragraph respondents merely "denies that the complainants are the owners of the land described," excepting one 40 as to which he disclaimed.

This must be taken as an admission of the truth of the averment of the bill as to complainants' peaceable possession, since this fact was prima facie within the knowledge, information, or belief of respondent.— *Agnew v. McGill,* 96 Ala. 496, 500, 11 South. 537;

*Holmes v. State,* 100 Ala. 291, 14 South. 51; *Alexander v. Rea,* 50 Ala. 450; *Clark v. Jones,* 41 Ala. 349; *Kirkman v. Vanlier,* 7 Ala. 218. And, indeed, the evidence sufficiently established the fact, independently of the answer's admission.

In this state of the pleading and proof, it was incumbent upon respondent to propound a claim or title superior to complainants' right of possession.—*Adler v. Sullivan,* 115 Ala. 582, 585, 22 South. 87; *Brand v. U. S. Car Co.,* 128 Ala. 579, 30 South. 60. In this respondent completely failed, and on the undisputed evidence complainants were entitled to a decree quieting their title as against any claim of respondents.

Unaided by any brief for respondent (appellee), we infer from the evidence adduced in his behalf that his claim of title rests upon the former ownership of his father who acquired the lands from the government, and the theory that title never passed from him by the deed he executed to the Southern Mineral Land Company in 1858; or else upon the notion that decree rendered in respondent's favor in April, 1910, quieting his title to these lands as against said land company, reinvested him with the title originally held by his said father.

In the deed from the elder Shortridge to the land company, the granting clause conveys a number of tracts described by the government numbers, and then proceeds: "Also the undivided half of the N. E. 4 of the S. W. 4 of section 30. township 21, range 3 west; and * * * and * * *; and the S. W. 4 of the S. W. 4 of section 31, township 21, range 4 west, etc. (including the lands in suit)." The contention seems to be that the phrase "undivided half" qualifies not only the tract immediately described, but also all the succeeding descriptions.

We do not think the deed is reasonably susceptible of that interpretation on the face of the language used, but rather it means to thus qualify the *single tract* to which the limitation is immediately applied. Moreover, even if the meaning were fairly doubtful, the grant would be construed more strongly against the grantor, and in favor of the grantee.—*Chambers v. Ringstaff,* 69 Ala. 140, 146. Unquestionably, the deed completely divested the title of the grantor, respondent's father, and respondent's claim from that source is worthless.

Respondent's decree against the land company did not operate as a transfer of its title to him, and was no more than an estoppel against the further assertion of that title against him. Hence the exhibition of that decree did not show title in respondent. Moreover, even if that theory were sound, it would be fatal to respondent's claim, for these complainants had *several months previously* secured a decree against the land company vesting title in them as against that company, and this decree was in evidence.—*Vandegrift v. So. Min. Land Co.,* 166 Ala. 312, 51 South. 983.

The decree of the chancery court will be reversed, and a decree will be here rendered granting relief to complainants in accordance with the prayer of the bill.

Reversed and rendered. All the Justices concur, except DOWDELL, C. J., not sitting.