(134 So. 28)

## BURTON v. MEEKS.

### 6 Div. 726.

Supreme Court of Alabama.

April 23, 1931.

Smyer, Smyer & Bainbridge, of Birmingham, for appellant.

Miller, Graham & Wingo, of Birmingham, for appellee.

FOSTER, J.

In this case a bill in equity was filed by an original contractor to enforce a mechanic's lien. Appellant took a mortgage on the property subsequent to the date when complainant's lien took effect if a proper statement of it was duly filed in the office of the probate judge as required by section 8836.

The bill alleges that it was so filed on a certain day within the period of six months required by that section of the Code. A copy of the statement alleged to be filed was attached as an exhibit. The exhibit thus attached does not show the filing in the probate office. The instrument was introduced in evidence, but the certificate of the probate judge indorsed upon it does not show the date of its filing, but the date is left blank, and therefore section 7697, Code, has no room for operation. Polytinsky v. Patterson, 3 Ala. App. 302, 57 So. 130.

The answer of this appellant to the bill as amended does not undertake to answer all its allegations, but only such as he is advised is material to answer. There is no general denial in it, and no denial that a duly verified statement of complainant's claim of lien was filed in the probate office as alleged. The evidence is not very clear as to when it was filed, but the questions all seem to indicate an understanding that it was filed on a day certain. On the cross-examination of complainant a question to him refers to his verified statement as being filed in the probate office on that certain named date.

The general rule of equity pleading is that if an allegation is made in a bill of the existence of a fact which is prima facie within the knowledge, information, or belief of respondent, and he fails to make any sort of denial of it, either special or general, an issue is not made which requires its proof by the complainant, though oath to the answer may be waived. Vandegrift v. Shortridge, 181 Ala. 275, 61 So. 897; Holmes v. State, 100 Ala. 291,

---

[1] Ante, p. 373.

14 So. 51; Agnew v. McGill, 96 Ala. 496, 500, 11 So. 537; Alexander v. Rea, 50 Ala. 450; Clark v. Jones, 41 Ala. 349; Smilie v. Siler, 35 Ala. 88; Grady v. Robinson, 28 Ala. 289; Kirkman v. Vanlier, 7 Ala. 217. A somewhat different rule exists when there is a general denial. Johnson v. Pinckard, 196 Ala. 259, 72 So. 127.

An allegation in the bill that such a statement was duly filed in the office of the probate judge shows a prima facie knowledge of that fact by appellant, and in order to put such allegation in issue, there should have been at least a general denial of it.

The implications in the evidence aided by this rule of pleading are sufficient to justify the court in assuming that the verified statement of complainant's claim was filed as alleged in the bill.

Only one point is made on this appeal, and that relates to the insufficiency of the evidence to show that such statement was thus filed. We cannot agree with this contention of appellant, especially in view of the effect of the pleading, and therefore the decree must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.