185 So. 889

GORDON, Mayor, v. STATE ex rel. COLE et al.

7 Div. 542.

Supreme Court of Alabama.

Jan. 19, 1939.

114

Paul O. Luck, L. H. Ellis, and H. M. Gordon, all of Columbiana, for appellant.

S. A. Lokey and Karl C. Harrison, both of Columbiana, for appellees.

FOSTER, Justice.

This is a petition by citizens and electors of Columbiana for a mandamus to the mayor of the city to compel him to call an election for the submission of the question of whether the city shall be organized under Article 46 of Chapter 43, Code of Alabama, section 2335 et seq., as amended by the Act of March 2, 1931, page 151.

The petition was signed by attorneys and one of them made an affidavit "that he is conversant with the facts alleged in the foregoing petition and that the same are true to the best of his knowledge and belief."

Upon presentation of the petition to the judge of the circuit court, he ordered that the mayor appear in court on a day named and show cause, if any he can, why a writ of mandamus should not be awarded as prayed for in the petition. The mayor came in and by several successive motions and demurrers raised the following questions which are argued for him on this appeal. That this motion and the grounds therein assigned were good for that the original petition was not verified, as required by law, and that the order of the court did not give the respondent an opportunity to perform the required act, but commanded him peremptorily and not alternatively in the matter. That the peti-

tion clearly failed to aver sufficient facts to warrant the granting of such order, should the petition have been properly verified. The court overruled the motions and demurrers.

Thereupon respondent filed an answer in which he denied that Columbiana is a class D city as defined by section 2335, Code, as amended, but that by the last federal census it has a population of one thousand one hundred and eighty, and is not now in excess of that number. It alleged other matters not necessary to mention to an understanding of the questions here presented.

There was demurrer to this answer which the court sustained. Thereupon respondent declined to plead further, and without evidence, and on that status of the proceeding ordered a peremptory writ of mandamus commanding respondent as mayor to call the special election as prayed for. Exception was duly taken to this action of the court.

This method of testing the questions raised is without prejudice to appellant. Longshore v. State, 137 Ala. 636, 639, 34 So. 684.

1. The first question here argued is whether the petition is duly verified by affidavit as required by section 8978, Code. Under its terms, the petition for mandamus must be "verified by affidavit." We have quoted enough of the affidavit to show what appellant relies on. His claim is that it is not sufficient because made on the best of his knowledge and belief, and by an attorney without setting forth any reason why it is not verified by petitioner himself. Rule 15, Chancery Practice.

This question has had frequent consideration by this Court in recent cases, and the form in which the affidavit here appears has been generally approved (Lambert v. Anderson, 227 Ala. 222, 149 So. 98; Brown v. State, ex rel. Wright, 222 Ala. 623, 133 So. 913), especially when as here the affidavit is intended as a pledge of good faith. Kinney v. Federal Land Bank, 228 Ala. 25, 152 So. 30; Worthen v. State ex rel. Verner, 189 Ala. 395, 66 So. 686.

Rule 15, Chancery Practice, does not apply, and the affidavit may be made by an agent or attorney conversant with the facts. Birmingham News v. State ex rel. Dunston, 207 Ala. 440, 93 So. 25. The affidavit to this petition is sufficient under the foregoing authorities.

2. Appellant also insists that the rule nisi does not comply with the law in such cases; that it does not give him the alternative of doing the act, but to show cause why he should not be commanded to do it. The principle is well understood to be that the order should be alternative to be strictly formal. Longshore v. State ex rel. Turner, 137 Ala. 636, 34 So. 684; Garrett v. Cobb, 199 Ala. 80, 74 So. 226.

But the rule or writ in the form here used is not unusual (Long v. Winona Coal Co., 206 Ala. 315, 89 So. 788), and has been distinguished from that issued in Longshore v. State, supra, in that, in that case the writ commanded respondent to show cause why he had not acted, whereas in the instant case, as in Board of Revenue v. Southern Bell Tel. & Teleg. Co., 200 Ala. 532, 76 So. 858, the writ commanded respondent to show cause against the issuance of a peremptory writ. Such a writ, it was held, does not infringe upon the rights of respondent. If he has done the act or is willing to do it forthwith, and makes a sufficient showing in that respect in answer to the rule, it would doubtless be good cause for not issuing the peremptory writ. No such showing was made or attempted. Respondent persisted in the claim that he should not be so ordered. He was not in any respect prejudiced by the rulings of the court in that respect. See, also, Bryce v. Burke, 172 Ala. 219, 228, 55 So. 635; Speed v. Cocke, 57 Ala. 209, 214.

3. It is next insisted that under section 2335, Code, as amended by the Act of March 2, 1931, page 151, and as affected by the Act of March 6, 1931, page 174, the city is not in such class or status as that an election should be called under the terms of section 2337, Code. Section 2335, Code, as so amended, classes all cities as "D" if they have a population of more than one thousand and not more than forty thousand according to the last federal census or according to any federal or municipal census taken thereafter; and provides that such cities may become organized under a commission form of government as provided in that article of the Code, when certain machinery is had including an election.

The petition seeks to make that machinery available. It alleges a compliance with the statutory requirements. The last federal census shows that the city had more than one thousand and not more than forty thousand. There is no allegation in the petition or answer that a municipal census has been held since the federal census was taken.

So that, unaffected by the Act of March 6, 1931, supra, it sufficiently appears that Columbiana is entitled to have an election called as provided in Article 46, Chapter 43, Code. The Act of March 6, 1931, classifies as "D" all cities having a population of twenty-four thousand and less than forty thousand according to the last or subsequent federal census, and provides that every class "D" city shall be governed by a board of commissioners. This requirement is peremptory and unconditional. No election is necessary. It makes no reference to section 2335, Code, as amended by the Act of March 2, 1931, approved four days previous to its approval. The two provisions should be considered in pari materia. They each have a field of separate operation. Article 46, as amended and as so considered, is held to apply to all cities having a population of more than one thousand and less than twenty-four thousand. The Act of March 6, 1931, supra, applies to all cities which have a population of twenty-four thousand and less than forty thousand. This Act has been approved in some of its features. State v. Herzberg, 224 Ala. 636, 141 So. 553.

When the demurrer to the answer was sustained and respondent declined further to answer, there was no issue of facts made by the pleadings, and no burden was upon petitioner to prove the allegations of the petition, for they were not then denied. See Burton v. Meeks, 222 Ala. 681, 134 So. 28.

It therefore appears that we cannot sustain any of the contentions of appellant to the extent that the judgment of the trial court should be vacated. It is therefore affirmed.

Affirmed.

GARDNER, THOMAS, and BOULDIN, JJ., concur.