# *Ex Parte* Smith.

## *Mandamus.*

(Decided May 12, 1910. Rehearing denied June 30, 1910.
52 South. 895.)

1. *Courts; Dismissals of Cause; Re-instatement; Limitation.*—Under the practice acts of the city court of Birmingham, that court cannot reinstate a cause dismissed on a motion made more than thirty days after the final judgment of dismissal. (Acts 1888-89, p. 992.)

2. *Mandamus; Relief; Appeal.*—Mandamus does not lie to compel the dismissal of a cause or to reinstate a cause dismissed, appeal being the proper remedy.

Original petition in the Supreme Court.

Application by Alfred Smith for mandamus, the writ to be directed to Hon. C. W. Ferguson, Judge of the Birmingham City Court. Mandamus denied.

Petition alleges that the petitioner entered suit in the city court of Birmingham against C. D. Smith & Co. for damages for personal injury; that on June 6, 1909, upon a jury trial, the cause resulted in a mistrial; that on the 9th day of June, 1909, motion was made to re-

quire plaintiff to give security for cost, and upon default to dismiss the cause; that on June 12, 1909, an order was made dismissing the cause unless the petitioner within 90 days from that date gave security for cost; and that on the 9th day of October, 1909, your petitioner avers an order was made dismissing said cause, without notice to petitioner or his attorney. The petition to set aside dismissal was filed January 20, 1909.

LONDON & FITTS, for petitioner. The remedy by mandamus is clear.—*Ex parte Lowe,* 20 Ala. 230; *Stevenson v. Mansony,* 4 Ala. 317; *Lawson v. Moore,* 44 Ala. 274; *Ex parte Abrams,* 48 Ala. 151 *Ex parte State,* 51 Ala. 69; *Ex parte Cresswell,* 60 Ala. 378; *Cochran v. Miller,* 74 Ala. 50; *Ex parte Payne,* 130 Ala. 189; High on Extraordinary Remedies, sec. 151; *Ex parte Scharlenberger,* 96 U. S. 369. The order was coram non judice and can be expunged from the record of the court at any time notwithstanding the thirty day rule. —*Ex parte H. A. & B. R. R. Co.,* 105 Ala. 221; *Ex parte Payne, supra.* The cause was improperly dismissed for want of security of costs.—Sec. 3687, Code 1907; *1st Nat. Bank v. Cheney,* 120 Ala. 122; *Whittaker v. Samford,* 13 Ala. 522; 1 Brick. secs. 103-104. The original order required another order before dismissal could be entered.—*Lide v. Park,* 132 Ala. 222.

E. H. DRYER, and STALLINGS & DRENNEN, for appellee. The exercise of a sound discretion will not be controlled by mandamus.—*Ex parte Jones,* 83 Ala. 587; *1st. Nat. Bank v. Cheney,* 120 Ala. 117. The court will not be put in error for doing what was agreed to be done.—*Patillo v. Taylor,* 83 Ala. 330; *Rodgers v. Prattville Mfg. Co.,* 81 Ala. 483; *Adler v. VanKirk L. & C. Co.,*

114 Ala. 560. At the time the motion to vacate was made, the court below had lost control over its final judgment of dismissal.—*Ex parte H. A. & B. R. R. Co.,* 105 Ala. 221; *Ex parte Payne,* 130 Ala. 189; *Ex parte Jones,* 125 Ala. 119.

ANDERSON, J.—More than 30 days having expired from the rendition of the final judgment dismissing the plaintiff's case, when the motion to reinstate same was made, the trial court was powerless to grant said motion, under the practice act of the city court of Birmingham (Acts 1888-89, p. 992). *Ex parte James,* 125 Ala. 119, 28 South. 69; *Ex parte Highland Ave. R. R.,* 105 Ala. 221, 17 South. 182; *Ex parte Payne,* 130 Ala. 189, 29 South. 622. It may be that the plaintiff proceeded under section 5372 of the Code of 1907 for a rehearing within four months; but whether he did or did not make out a case for a rehearing, under said statute, we need not decide, for, if the trial court erred in refusing to grant the motion, the plaintiff's remedy for reviewing the action of the court in refusing the said motion was by appeal, and not mandamus.— *O'Neal v. Kelly,* 72 Ala. 559.

Neither is mandamus the proper remedy to review and revise the judgment of the trial court dismissing the plaintiff's case. It was a final judgment, and such a one as would support an appeal to this court. "To authorize the issue of the writ of mandamus, there must be a clear legal right, and no other remedy. The writ lies to compel the execution of ministerial duties, in all proper cases. As to judicial functions, the rule is different. The writ will be awarded to compel courts to entertain jurisdiction and pronounce judgment in the premises. It will not be awarded to order or direct what judgment shall be rendered in any given case; nor can its powers be invoked to correct any error in

the final judgment or decree of an inferior court. The reason for this latter rule is that there is an adequate remedy in appeal, which lies from all final judgments or decrees of courts of record."—*Ex parte Schmit*, 62 Ala. 254, and cases cited; *Ex parte Gilmer*, 64 Ala. 235; *Ex parte Merritt*, 142 Ala. 115, 38 South. 183. The case of *Ex parte Hendree*, 49 Ala. 360, is in point, that an appeal lies from a judgment identical with the one dismissing the plaintiff's case in the present instance, and against the awarding of a mandamus. A judgment has been rendered dismissing the case, and which said cause cannot be reinstated without reviewing and reversing said judgment, thus involving a determination by this court of the correctness vel non of the judicial ruling of the lower court.

It is true this court held, in the case of *First National Bank v. Cheney*, 120 Ala. 122, 23 South. 733, that mandamus would lie for a refusal to dismiss for want of security for cost, notwithstanding error could be assigned to said ruling upon an appeal from a final judgment, upon the theory that an appeal was not adequate to protect a citizen from further litigation with a nonresident as to indemnity against cost, the evil the statute intends to avoid. It must also be noted that the cases there cited; *Ex parte Cole*, 28 Ala. 50, *Ex parte Robbins*, 29 Ala. 71, and *Ex parte Morgan*, 30 Ala. 51, all relate to the right to mandamus for a refusal to dismiss for want of security for cost, and do not hold that mandamus will be awarded to review a judgment rendered dismissing the cause. Here we have a final judgment dismissing the suit, and the nonresident plaintiff with an adequate remedy by appeal to review the said judgment, conditions quite different from those existing in *Cheney's Case, supra,* and the

·ones there cited, but similar to those in *Hendree's Case, supra.*

The application for mandamus is denied, and the petition must be dismissed.

Mandamus denied.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.