(112 So. 203)

**BAILEY v. SOUTHERN RY. CO. et al.**
(2 Div. 892.)

Supreme Court of Alabama. March 24, 1927.

Rehearing Denied April 21, 1927.

**I. Appeal and error** ⊙⇒77(1)—**Order removing cause from state to federal court is appealable as "final judgment."**

Order removing cause from state court to United States District Court is such a "final judgment" as will support an appeal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

**2. Removal of causes** ⊙⇒39—**That court sustained demurrer to evidence as to resident defendant did not warrant removal for nonresidence of other defendant, where it did not appear resident defendant was fraudulently joined.**

In suit against railroad corporation and resident engineer for negligence, sustaining of engineer's demurrer to evidence did not warrant removal of cause to federal court by virtue of corporation's nonresidence, where it did not appear resident defendant was fraudulently joined to prevent removal; such defendant being still party to record, though evidence was insufficient to justify recovery against him.

**3. Removal of causes** ⊙⇒39—**Elimination of resident defendant, to constitute removable controversy, must be by voluntary act of plaintiff, in absence of fraudulent joinder.**

Elimination of resident defendant, who on face of pleading is properly joined, to constitute case of removable controversy, can be had only on voluntary act of plaintiff, in absence of averment in petition for removal that defendant was fraudulently joined to prevent removal.

Appeal from Circuit Court, Hale County; S. F. Hobbs, Judge.

Action by Hermine P. Bailey against the Southern Railway Company and S. O. McDonald, for damages to property by fire, alleged to have been communicated by defendant railway company's locomotive, of which defendant McDonald was engineer. From a judgment removing the cause to the federal court, the plaintiff appeals. Reversed and remanded.

Thos. E. Knight, of Greensboro, and Harsh & Harsh, of Birmingham, for appellant.

Unless entitled to remove the cause at time of filing petition, the party seeking removal is not entitled to same by filing a new petition showing a changed situation. Manning v. Amy, 140 U. S. 137, 11 S. Ct. 757, 35 L. Ed. 387. Removal, after sustaining demurrer to evidence on behalf of resident defendant, is error. Amer. C. & F. Co. v. Kettelhake, 236 U. S. 311, 35 S. Ct. 355, 59 L. Ed. 596; Southern R. Co. v. Lloyd, 239 U. S. 496, 36 S. Ct. 210, 60 L. Ed. 405. It is too late to file petition to remove after trial. Supreme Lodge, etc., v. Gustin, 202 Ala. 249, 80 So. 84; Whitcomb v. Smithson, 175 U. S. 635, 20 S. Ct. 248, 44 L. Ed. 303; K. C. S. B. R. Co. v. Herman, 187 U. S. 63, 23 S. Ct. 24, 47 L. Ed. 76; Moeller v. Southern Pac. (D. C.) 211 F. 240; Lathrop Co. v. Int. C. & I. Co., 215 U. S. 246, 30 S. Ct. 76, 54 L. Ed. 177.

Pettus, Fuller & Lapsley, of Selma, for appellees.

Counsel discuss the questions, but without citing authorities.

BROWN, J. The appeal in this case is from an order of the circuit court of Hale county removing the cause from that court to the United States District Court for the Northern Division of the Southern District of Alabama, on the petition of the defendant the Southern Railway Company.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Under the holding of this court in the case of Ex parte Southern Telegraph Co., 73 Ala. 564, which is in accord with the holdings of a majority of the state courts of last resort, the order of removal is such a final judgment as will support an appeal. 23 R. C. L. 834, § 203.

[2] There is no contention that the resident defendant, McDonald, was fraudulently joined, to prevent a removal, but the appellee's contention is that the effect of the order of the circuit court sustaining the demurrer of the resident defendant to the evidence was to eliminate that defendant as a party, leaving the case one solely between the plaintiff and the Southern Railway Company.

[3] Aside from the fact that, at the time of the refiling of the petition for removal, the court had not entered a judgment in favor of the defendant McDonald, but at most had merely determined, on the demurrer to the evidence, that plaintiff's evidence did not justify a recovery against him, he was still a party to the record, and the suit was not a removable controversy wholly between citizens of different states. Under the federal law, the elimination of a resident defendant, who on the face of the pleading is properly joined, in the absence of an averment in the petition for removal that such defendant was fraudulently joined to prevent a removal to constitute the case a removable controversy, the elimination of the resident party must be by the voluntary act of the plaintiff. American Car & Foundry Co. v. Agnes Kettelhake, 236 U. S. 311, 35 S. Ct. 355, 59 L. Ed. 594; Southern Railway Co. v. Lloyd, 239 U. S. 496, 36 S. Ct. 210, 60 L. Ed. 402; Great Northern Ry. Co. v. Alexander, Adm'r, 246 U. S. 276, 38 S. Ct. 237, 62 L. Ed. 713.

The conclusion here is that the circuit court, in making the order of removal, erred, and for this error the judgment must be reversed. The other questions argued are such as may not arise upon another trial, and for this reason they will not be discussed.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.