152 So. 30

### KINNEY v. FEDERAL LAND BANK OF NEW ORLEANS et al.

### 6 Div. 476.

Supreme Court of Alabama.
Jan. 11, 1934.

Horace C. Wilkinson, of Birmingham, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellees.

GARDNER, Justice.

The appeal is from the order removing the cause from the state to the federal court. Bailey v. So. Ry. Co., 215 Ala. 677, 112 So. 203.

The defendant Federal Land Bank is a corporation organized under the laws of the United States, the majority stock of which is owned by the federal government, and that the petition presents facts justifying the removal order is not here questioned. 28 USCA §§ 71, 41, and 42; 54 C. J. 241; Federal Intermediate Credit Bank v. Mitchell, 277 U. S. 213, 48 S. Ct. 449, 72 L. Ed. 854.

■■ Bond was executed and accepted by the court, and notice of the hearing duly given, all in compliance with the provisions of the federal statute (28 USCA § 72); but appellant insists the matter of verification was insufficient under some of our former decisions, among them Burgess v. Martin, 111 Ala. 656, 20 So. 506.

The above-noted statute merely provides that the petition be "duly verified," and pre-scribes no form. As a condition precedent to the removal of the cause, petitioner is required to execute bond, a matter properly to be considered on questions of this character (Lambert v. Anderson [Ala. Sup.] 149 So. 98),[1] and notice must also be given the opposing party. These requirements were met, and on the hearing no question raised as to the sufficiency of the verification to the petition. It may be seriously doubted that the matter of form of the verification, so readily amendable (Kinney v. Columbia Savings & Loan Ass'n, 191 U. S. 78, 24 S. Ct. 30, 48 L. Ed. 103) could be raised for the first time on appeal. But this question aside and undetermined, we think it clear the requirement of verification, in cases of this character, is purely cautionary—a pledge of good faith in the presentation of the petition, and sufficient under the authority of Worthen v. State, 189 Ala. 395, 66 So. 686.

The affidavit could serve no useful purpose by way of proof, as it is well settled the averments of fact in the petition are not to be controverted or inquired into by the state court (Stix & Co v. Keith, 90 Ala. 121, 7 So. 423; 4 Hughes, Federal Practice, § 2551), and the only purpose to be served, therefore, was to put the judicial power in motion. In the Worthen Case, supra, this court held that, when such was the purpose, a verification in the form here presented sufficed.

It results that the removal order was correct, and is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

