### GREENWOOD et al. v. STATE ex rel. BAILES.

6 Div. 723.

Supreme Court of Alabama.

May 16, 1935.

Horace C. Wilkinson, of Birmingham, for appellants.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for appellee.

GARDNER, Justice.

The bill seeks abatement of a liquor nuisance, and upon its presentation to the chancellor an order for a temporary writ of injunction was entered. Greenwood v. State, 229 Ala. 630, 159 So. 91. Motion to dissolve and discharge this temporary writ was denied, and defendants appeal.

The bill contains all essential averments embraced in the statute for abatement of a liquor nuisance, and its equity is not challenged. Section 4671, Code 1923. The verification is by the solicitor for the Tenth judicial circuit, and is pursuant to section 4672, Code 1923.

■ It is earnestly argued that the verification as to the facts is upon information and belief, and therefore insufficient upon which to rest the issuance of a temporary writ of injunction. The lawmakers evidently took the view that the requirement of verification, in cases of this character, is precautionary, a pledge of good faith, and that the prescribed form would serve the purpose of putting the judicial power in motion. Worthen v. State, 189 Ala. 395, 66 So. 686; Kinney v. Federal Land Bank, 228 Ala. 25, 152 So. 30. The verification having followed the statute, the argument against its validity is but an attack upon the constitutionality of the statute itself.

Our laws for abatement of liquor nuisances have been sustained as violative of no constitutional provision. Fulton v. State, 171 Ala. 572, 54 So. 688; Dowda v. State, 203 Ala. 441, 83 So. 324. And in Re State ex rel. Attorney General, 179 Ala. 639, 60 So. 285, was noted the distinction between the requirements as to the matter of verification when a tempo-rary writ of injunction only is sought, and when a writ of seizure is prayed.

As to the temporary writ issued, it is to be observed that it merely restrains defendants from further violation of the criminal law of the state. Clearly it was in the legislative power to prescribe this particular form of verification for the issuance of such a writ. The statute so providing violates no provision of our fundamental law.

■ Considered upon its merits, the point against the verification is not well taken, though we would not be understood as overlooking the established rule in this jurisdiction that the insufficiency of an affidavit is no ground for dissolving an injunction, unless the complainant upon being ruled thereto fails to verify his bill by sufficient affidavit. Jacoby v. Goetter, Weil & Co., 74 Ala. 427; Forney v. Calhoun County, 84 Ala. 215, 4 So. 153.

■ Nor could dissolution of the injunction be rested upon matter contained in the answer. There is no denial of the bill's averments, but defendants insist the injunction should be dissolved for the reason that numerous others in the same community likewise conduct a liquor nuisance, and go unmolested. Defendants are, of course, not directly interested in these other violations, but they disclose that indirectly they are affected in their business, as many of these violators of the liquor law are their competitors. The answer contains a severe arraignment of the sheriff and solicitor in the failure to prosecute these other violators. But these averments are not sufficient as a defense here. The bill is not that of the sheriff or solicitor, but is filed by the state under specific statutory provisions enacted for the better and more rigid enforcement of the criminal laws of the state. It is the state, and not the individual officers, speaking in the exercise of its governmental function, and for the enforcement of its own laws.

Reduced to the last analysis, the defense sought to be interposed is in the nature of an estoppel. But this court in State ex rel. Lott v. Brewer, 64 Ala. 287, declared that estoppels against the state cannot be favored, and that though they may arise in some instances, yet, upon the broad ground of public policy, they cannot arise, certainly as to the exercise of governmental functions, "from the laches of its officers." See, also, to like effect, Webb v. Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62; 21 Corpus Juris 1186 and 1188.

In a criminal prosecution of these defendants for the violation of our prohibition laws, it could not well be insisted they could, with any show of reason, offer as a defense that others were also guilty and yet go unpunished. But the bill here exhibited is authorized by statute merely as an aid to the enforcement of these same laws. The proceeding is by and in the name of the state, and through designated officers as its agents in the matter, and the failure of the officers to do their duty as to other offenders cannot be treated as a hindrance to the state, acting in the public interest in the enforcement of its criminal laws. We may add, in order that no injustice be done, that no proof of these averments has been yet offered, and the discussion herein is confined to the allegations and their sufficiency as a defense, and with no indication whatever concerning the true facts. But we forego further discussion. We think it clear the answer presented no sufficient defense, and that the motion was properly denied.

Let the decree be affirmed.

Affirmed.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.