54 So.2d 439

### HUMPHREY et al. v. LAWSON.

8 Div. 432.

Supreme Court of Alabama.

Oct. 4, 1951.

A. A. Carmichael, Atty. Gen., and H. Grady Tiller, Asst. Atty. Gen., for appellants.

J. N. Powell, Hartselle, for appellee.

LAWSON, Justice.

On July 8, 1947, the State Department of Revenue made and entered a final assessment against R. W. Puckett, a resident of Hartselle, Morgan County, Alabama, of sales tax liability for the period from March 1, 1942, to May 28, 1946, which assessment also included interest and penalty. §§ 763–767, Title 51, Code 1940. Puckett did not appeal from this assessment as provided by §§ 140 and 768, Title 51, Code 1940.

After the time for taking an appeal had expired, the State Department of Revenue, hereafter called the Department, placed an execution in the hands of Sheriff Humphrey, of Morgan County. The sheriff notified Puckett of the fact that he had the execution, advising him that he would have to proceed to collect unless payment was forthcoming.

Thereafter, on October 21, 1947, Puckett, through his counsel, presented to one of

the judges of the circuit court of Morgan County, in equity, a bill alleging that the assessment of the Department was void on grounds not necessary to set forth here, and praying that Sheriff Humphrey be enjoined from levying on his property under the execution issued by the Department. Upon presentation of the petition, the following order was entered:

"In this cause, the petitioner having filed his petition alleging that a certain assessment made against him by the Department of Revenue of the State of Alabama is void; that said assessment was made final by the State Department of Revenue on July 8th, 1947, and that the Sheriff of Morgan County, Alabama, is about to levy an execution on property of the petitioner for satisfaction of said judgment or assessment; It Is Hereby Ordered that said petition be, and the same is hereby set down for hearing before the undersigned at the Court house of Morgan County, Alabama at 10 A.M. on November 26th, 1947.

"It is further ordered that no further action be taken toward the enforcement of said assessment or judgment pending said hearing.

"It is further ordered that a copy of this order be mailed by United States Mail, postage prepaid to the State Department of Revenue at least 10 days before the date set for the hearing of this petition, and that a copy of the petition in this cause accompany said copy of this order.

"It is further ordered that a copy of this order be served on the Sheriff of Morgan County, C. B. Humphrey.

"This the 21st day of October, 1947.

"Newton B. Powell, Circuit Judge."

A copy of the order was received by Sheriff Humphrey and by the Department.

Prior to the day set for hearing, Sheriff Humphrey filed his demurrer to the petition for injunction.

On November 26, 1947, the day set for the hearing, the trial court entered a decree sustaining the demurrer, but giving the petitioner, R. W. Puckett, ten days in which to amend his petition. Thereafter, on December 2, 1947, Puckett amended his petition by adding thereto the following: "Petitioner alleges and avers that the Department of Revenue of Alabama arrived at the amount claimed due said Department by the petitioner arbitrarily and without legal evidence to support the judgment found by said Revenue Commissioner of Alabama; that the amounts found to be due by the said Revenue Commissioner was fraudulently arrived at in this; that the agents of said Revenue Commissioner auditing, examining and arriving at the amount in the presence of the petitioner said in substance, 'we never can find any amount due the Revenue Commissioner of Alabama or any amount without putting the amounts of the grocery bill, the amounts of the feed bill and the amounts of the fancy groceries and candies together and adding them up and dividing them by a certain number which would show that he would be due a certain percent of the total amount of the combined invoices of the said merchandise,' and one of said agents stating to petitioner in substance, 'Mr. Puckett we cannot arrive at any amount that you are due from the invoices except in this way and if I were you I would hold up and not pay anything as it appears you have paid all you are due.' Now petitioner avers that any judgment against him would be judgment arrived at by the said Commissioner, by reason of the above statement of the fraudulent evidence is void."

A copy of the amendment to the petition was served on Sheriff Humphrey on December 10, 1947. The record does not show that the Department was advised of the amendment, although it was the Attorney General and counsel for the Department who had filed the demurrer on behalf of Humphrey, which demurrer had theretofore been sustained.

On January 20, 1948, a decree pro confesso was entered by the register of the circuit court of Morgan County, in equity, which read in part as follows: "It is, on motion of Petitioner, ordered, adjudged and decreed by the Register that the amended petition in this cause be and it is hereby taken in all things as confessed by C. B.

Humphrey, the Sheriff of Morgan County, Alabama, the defendant aforesaid."

On January 23, 1948, the petitioner, R. W. Puckett, was examined under oath before the judge. Puckett produced certain books and records which he contended reflected his sales during the period covered by the assessment. He stated he did not owe any sales tax and testified as to certain conversations which he had with the agents of the Department who examined his books and records. He testified that one of the agents told him he should not pay anything extra because he did not owe it.

On January 29, 1948, Sheriff Humphrey demurred to the petition as amended. On January 30, 1948, the following decree was rendered:

"The evidence having been adduced orally before the Court after decree pro confesso in said cause, and the same being considered by the Court, it is of the opinion that the complainant is entitled to relief.

"It is therefore, ordered, adjudged and decreed by the Court that C. B. Humphrey, as Sheriff of Morgan County, Alabama and his successors in office, be, and he is hereby restrained from levying a certain execution described in the bill of complaint, which execution is for the sum of $1,037.07, and was issued by the Department of Revenue of the State of Alabama.

"It is hereby provided, however, that the said Complainant shall file in this Court a good and sufficient bond in the sum of $300.00, payable to C. B. Humphrey, as Sheriff of Morgan County, Alabama, and conditioned that if the said R. W. Puckett shall fail in this suit and pay said C. B. Humphrey, as Sheriff of Morgan County, Alabama, the sum of $1,037.07 and the costs and damages as he may sustain by the wrongful suing out of the preliminary injunction in this cause, then said obligation to be null and void, otherwise to be and remain in full force and effect. Said bond will be filed within five days from the date of the enrollment of this decree, and if the Complainant fail in this, said cause will stand dismissed.

"It is further ordered that the Complainant pay the costs in this suit which were created by reason of the Department of Revenue being made a party to this suit, and that the defendant, Humphrey, pay the remainder of the costs of this proceeding.

"This, the 30 day of January, 1948.

"Newton B. Powell,
"Judge."

From this record we cannot understand the last paragraph of the decree above quoted, inasmuch as we do not find where the Department of Revenue was ever made a party to this proceeding.

On January 31, 1948, Puckett executed bond in compliance with the terms of the decree of January 30, 1948.

It appears from the transcript that on February 7, 1948, an appeal was taken from the decree of January 30, 1948, by the State of Alabama. On the same day, Sheriff Humphrey took an appeal.

After appeal, but before submission, R. W. Puckett, the appellee, died. The cause was revived against the administrator of his estate by order of this court entered prior to submission.

The cause was submitted here on the merits and on appellants' motion for alternative writ of mandamus. On submission an order was entered granting leave of severance in assignments of error. As to whether such an order was necessary in view of the fact that errors were separately assigned, we express no opinion. See Maya Corporation v. Smith, 240 Ala. 371, 199 So. 549.

We lay aside as unnecessary to a decision of this case the question of whether the State of Alabama could appeal from the decree rendered.

█ The petition for writ of mandamus is denied, as we are of the opinion that the decree here under attack is appealable under § 1057, Title 7, Code 1940.

█ Upon submission of the cause, no motion to dismiss the appeal of Humphrey was submitted or other objection interposed to his prosecution of the appeal without giving security for costs. But some time

subsequent to the submission of the cause here, motion was filed to dismiss the appeal upon this ground. The appeal, however, was taken within the time allowed by law and, conceding that security for costs should have been given, this was a defect in the manner of taking the appeal which, we think, appellee could and did waive by not interposing motion before submission. Walker v. Harris, 235 Ala. 384, 179 So. 213.

■ A decree pro confesso admits the facts alleged in the bill. It does not admit that the facts authorize equitable relief. It does not admit that the facts give the court jurisdiction of the subject matter and does not consent for the relief to be granted. When the bill docs not contain sufficient averments to give it equity and to authorize the relief prayed, and no defense is made and it is taken as confessed and the court grants relief, the decree will not be sustained on appeal. Jasper v. Eddins, 208 Ala. 431, 94 So. 516, and cases cited.

■ Apparently recognizing that courts of equity will not enjoin the collection of a tax unless in addition to the alleged illegality of the tax, there is also present a recognized ground of equitable jurisdiction, Puckett, in his amendment to the petition, proceeded upon the theory that there was fraud in the making of the assessment. Under the recent holding of this court in Fuqua v. Spry Burial Ins. Co., 254 Ala. 189, 47 So.2d 817, the averments of the petition as amended are insufficient to show extrinsic fraud.

We are clearly of the opinion that the facts averred in the petition as amended are insufficient to give it equity and to authorize the court to grant the relief given as evidenced by the final decree assigned as error. The decree appealed from is reversed and one will be here rendered dissolving the temporary injunction and dismissing the bill.

Mandamus denied.

Reversed and rendered.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.