131 So.2d 676

**Ex parte Richard Benito CARROLL, Jr.**

**6 Div. 326.**

Supreme Court of Alabama.

June 30, 1960.

Rehearing Denied June 22, 1961.

**354**

C. V. Stelzenmuller, guardian ad litem, Birmingham, and Jack Crenshaw, Montgomery, for petitioner.

Irvine C. Porter, Birmingham, for respondent.

COLEMAN, Justice.

This is a petition for an alternative writ of mandamus to be directed to the respondent, as Judge of the Tenth Judicial Circuit of Alabama, to require him to set aside the "Decree Rescinding and Annulling Decree Removing Cause from Probate Court" and to reinstate the "Decree Removing Cause from Probate Court."

From the allegations of the petition which are admitted by the answer, it appears that administration of the estate of Richard Benito Carroll, deceased, was pending in the Probate Court of Jefferson County, and that the petitioner in this proceeding for mandamus had presented to the respondent a petition praying for removal of the administration from the probate court to the circuit court, in equity, as provided by § 139 of Title 13, Code 1940.

Pursuant to the petition for removal, the respondent, at approximately 10:45 A.M. on July 23, 1958, entered an order removing the administration of decedent's estate to the Circuit Court of Jefferson County, Alabama, in equity.

Thereafter, at 3:45 P.M. on the same day, respondent rendered a decree vacating the prior order of removal. In pertinent part the latter decree, which is here complained of, recites as follows:

"The court is of the opinion that had it been informed of the status of this litigation in the Probate Court that the order of removal would not have been entered. Accordingly, it is hereby ordered adjudged and decreed that the order heretofore entered removing this estate to the Probate (Sic: Circuit) Court be and the same is hereby set aside, and annulled."

We are of opinion that the rule nisi was improvidently issued and that the writ of mandamus prayed for in this court must be denied because the decree sought to be revised in the instant proceeding will support an appeal, Ex parte Kelly, infra, and it is established that mandamus will not be granted where petitioner has adequate remedy by appeal. State ex rel. Walker's Heirs v. Judge of Orphans' Court, 15 Ala. 740; Ex parte Schmidt, 62 Ala. 252; Leigh v. State, 69 Ala. 261; State ex rel. Pinney v. Williams, 69 Ala. 311, 316; Ex parte Hurn, 92 Ala. 102, 104, 9 So. 515, 13 L.R.A. 120; Ex parte Smith, 168 Ala. 179, 52 So. 895; Ex parte Wright, 225 Ala. 220, 142 So. 672; Ex parte Moore, 231 Ala. 209, 164 So. 210; Ex parte Taylor, 236 Ala. 219, 181 So. 760; American Mutual Liability Ins. Co. v. Agricola Furnace Co., 236 Ala. 535, 538, 183 So. 677; Ex parte Hartwell, 238 Ala. 62, 188 So. 891; Ex parte Moore, 244 Ala. 28, 12 So.2d 77; Ex parte Industrial Finance & Thrift Corp., 255 Ala. 464, 51 So.2d 894; Humphrey v. Lawson, 256 Ala. 198, 54 So.2d 439; Ingalls v. Ingalls, 259 Ala. 80, 65 So.2d 199; Van v. Parker, 266 Ala. 190, 94 So.2d 752.

In Ex parte Kelly, 243 Ala. 184, 8 So.2d 855, an appeal was taken from a decree of the circuit court, in equity, setting aside

an order of removal and remanding an administration to the probate court.

The transcript in the Kelly case discloses that a judge of the Circuit Court of Jefferson County on February 13, 1942, entered an order removing the administration of the estate of Lawrence Kelly, deceased, from the probate court to the circuit court of that county. On February 16, 1942, the same judge entered an order setting aside the order of February 13th and remanding the administration to the probate court. In pertinent part the order of February 16th recites:

"Ordered, adjudged and decreed by the Court that the decree of this Court heretofore rendered on the 13th day of February, 1942, removing said cause from the Probate to the Circuit Court, Tenth Judicial Circuit of Alabama, Equity Division, be and the same is hereby set aside and the cause is hereby remanded to the Probate Court."

From the decree of February 16, 1942, an appeal was taken. The error assigned was the rendition of the decree appealed from. This court reversed and remanded and said:

"The effect of the decree appealed from—remanding the administration of the estate to the probate court—was to put this branch of the case out of the circuit court, and *was such final decree as will support the appeal.* Bailey v. Southern Railway Co., 215 Ala. 677, 112 So. 203. * * *." (Emphasis supplied.) Ex parte Kelly, supra, 243 Ala. at page 187, 8 So.2d at page 857.

There is no difference in legal effect between the decree or order in the instant case and the decree in the Kelly case. Both decrees put the case out of the circuit court. Appeal and not mandamus is the proper method to review a decree such as the one here complained of.

Writ denied.

LAWSON, SIMPSON, GOODWYN, and MERRILL, JJ., concur.

**On Rehearing**

COLEMAN, Justice.

Petitioner argues that there is a difference between the decree appealed from in Ex parte Kelly, supra, and the decree here under consideration. The gist of petitioner's argument, as we understand it, is that the Kelly decree effectively sent the case back to the Probate Court but the instant decree did not altogether send the case back to the Probate Court.

We do not think there can be any doubt that the 10:45 order removed the administration to the circuit court, or that the 3:45 order returned the administration to the probate court. Petitioner seeks by the instant petition "to reinstate the 'Decree Removing Cause from Probate Court,'" which is the 10:45 decree, by setting aside the 3:45 decree which annulled the earlier one. Whether the petition for removal was still pending in the circuit court or not, the administration was not pending in the circuit court after 3:45. The effectiveness of the 3:45 order to nullify the removal order is the reason for the instant petition for mandamus.

The statement in the 3:45 order that it does not restrain the petitioner "from reapplying" for an order to remove the cause did not keep the administration in the circuit court. The administration, and not the petition for removal, was the cause that was put out of the circuit court. In the Kelly case, it was the putting of the administration out of the circuit court which was considered as making the decree appealed from "such final decree as will support the appeal." [243 Ala. 184, 8 So.2d 857.] Even if the petition for removal in the instant case be considered as still pending in the circuit court, the administration was no longer there.

Petitioner states: "Had the petitioner immediately after the decree of *annulment* * * * presented the same petition for removal to another Circuit Judge clearly the principle of res judicata would not pre-

clude removal; had petitioner taken the entire court file * * * to another Circuit Judge and presented it to him, there is no doubt that he could then have granted another decree of removal * * *. Hence the decree of annulment could not be a final decree according to its terms and respondent's admissions." We agree that it appears that petitioner could have taken the removal petition to another judge who could have granted it, but that also goes to show that the administration had been put out of the circuit court, otherwise there would be no occasion to seek an order to put it back there.

We do not think the decision here conflicts with Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116, or any other case cited by petitioner. The rules are stated in Griffin v. Proctor, supra, as follows:

"Where the motion to vacate the original decree is granted and a new trial is ordered, or the original cause is in any wise reinstated for further proceedings, the correct method of review is by mandamus.

"In a case where the motion to vacate the original decree is granted, but the effect of the vacating decree is not to reinstate the original cause for further proceedings, the proper remedy is by appeal." 244 Ala. 537, 541, 14 So.2d 116, 118.

The decree here did not order a new trial or reinstate the original cause for further proceedings. The decree recites that it does not limit or restrain petitioner "from reapplying" for removal. The decree does not order a new trial. The effect of the vacating decree is not to reinstate the original cause for further proceedings. Under Griffin v. Proctor, the remedy is by appeal.

■ Petitioner insists that the decree here "was plainly void as outside Respondent's jurisdiction, where in Ex parte Kelly the decree was merely erroneous and voidable and therefore appealable." Respect-

ing the action of the respondent judge, petitioner says in brief:

"* * * In other words, there was no erroneous exercise by Respondent of his judicial power; he simply refused to exercise his judicial power; he acted without any sanction of law in vacating the earlier decree which the law says he absolutely must enter; he did not erroneously find any fact or err in trying to apply the law, as Judge Creel did in the Kelly case, but washed his hands of the matter and said, 'you can take this to any other judge, but not to me.'"

Both the Kelly decree and the instant decree vacated a removal order. As petitioner asserts, the reason for the vacating order apparently was not the same in both cases. This court held that the Kelly decree was laid in error and not that it was void. If the circuit court had such jurisdiction in the Kelly case as that the decree was erroneous and not void, the instant decree, even if erroneous, is also not void. It seems axiomatic that jurisdiction is not destroyed by error in the decree rendered, otherwise every erroneous decree would be void.

■ Petitioner takes us to task for that having issued the rule nisi, we now hold that mandamus does not lie. Issuance of the rule, although after an informal hearing where both parties appear, is not to be taken as an adjudication that mandamus is the proper remedy.

"The writ of mandamus is an extraordinary legal remedy grantable only when petitioner shows a clear, specific legal right for the enforcement of which there is no other adequate remedy. (Citation omitted.) It will not lie for the mere purpose of review. * * *" Jones v. Jones, 249 Ala. 374, 375, 31 So.2d 81.

As stated in the original opinion, mandamus will not be granted where petitioner

has an adequate remedy by appeal. Authorities, supra. Petitioner had a remedy by appeal from the same decree he seeks to review by mandamus, and we think the remedy by appeal is adequate here if it was adequate in Ex parte Kelly.

Opinion extended.

Application overruled.

LAWSON, SIMPSON, GOODWYN, and MERRILL, JJ., concur.