MOORE, Judge.
 

 Sterling Persons appeals from a judgment of the Montgomery Circuit Court declaring that the proceeds from a certain joint checking account and from a certain certificate of deposit (“the proceeds”) were not the property of the estate of Amos T. Persons (“the decedent”). We dismiss the appeal.
 

 Procedural History
 

 On October 16, 2003, Pamela Persons filed a petition in the Montgomery Probate Court to probate the will of the decedent. On April 5, 2004, the probate court entered an order admitting the will to probate, appointing Pamela Persons as the executrix of the decedent’s estate, and granting letters testamentary to Pamela Persons.
 

 On September 21, 2004, Minnie B. Jones filed a petition in the probate court, claiming to have been married by common law to the decedent at the time of his death and requesting an intestate share of the decedent’s estate, pursuant to Ala. Code 1975, § 43-8-90, or, alternatively, requesting an elective share, pursuant to Ala.Code 1975, § 43-8-70; she also requested a homestead allowance, a spousal exemption, and a family allowance. On September 22, 2004, Jones filed, in the probate court, a request for an inventory of the estate, pursuant to Ala.Code 1975, § 43-2-835. That same day, Jones filed a petition in the Montgomery Circuit Court, seeking the removal of the administration of the decedent’s estate to the circuit court, pursuant to Ala.Code 1975, § 12-11-41. On October 15, 2004, Pamela Persons filed, in the probate court, an objection to the two petitions that Jones had filed. On November 12, 2004, the circuit court entered an order removing the administration of the decedent’s estate from the probate court to the circuit court; the probate court’s file was received by the circuit court on November 24, 2004.
 

 On December 3, 2004, Pamela Persons filed an answer to Jones’s petition for removal, denying that Jones was the common-law wife of the decedent at the time of his death. On December 7, 2004, the circuit court ordered that an inventory be provided, and, on January 5, 2005, Pamela Persons complied with that order. On April 11, 2005, the circuit court held a hearing on the issue whether Jones was the common-law wife of the decedent at the time of his death. On May 23, 2005, the circuit court entered an order finding that Jones was not the common-law wife of the decedent at the time of his death. The circuit court further denied Jones’s claim against the estate for compensation.
 

 On August 15, 2005, counsel for Pamela Persons filed a motion to remand the case to the probate court for final disposition. On November 23, 2005, the circuit court entered an order remanding the case to the probate court. There is no order in the record on appeal, nor is there an entry on the circuit court’s case-action-summary sheet indicating that the circuit court va
 
 *612
 
 cated its November 23, 2005, remand order. There is also no indication that any party filed, subsequent to the circuit court’s remand order, a second petition seeking removal of the case back to the circuit court or that the circuit court had entered an order again removing the case from the probate court. In fact, the next notation on the circuit court’s case-action-summary sheet is dated February 9, 2006; that notation purports to set the case for a hearing. On July 12, 2006, Pamela Persons filed, in the circuit court, a “notice of filing of records for final accounting to close administration of estate.” Subsequently, Pamela Persons filed second, third, and fourth notices, notifying the circuit court that she was filing additional records for' final accounting for the purpose of closing the administration of the decedent’s estate.
 

 In the meantime, Sterling Persons, the decedent’s nephew, apparently objected to the proceeds being excluded from the decedent’s estate. The circuit court held hearings on that issue on November 13, 2006, and August 21, 2007. On October 5, 2007, the circuit court entered an order declaring that the proceeds were not a part of the decedent’s estate. Sterling-Persons appealed to this court. This court subsequently transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction; that court transferred the appeal to this court, pursuant to § 12-2-7(6), AIa.Code 1975.
 

 Discussion
 

 Although neither party has raised the issue of jurisdiction, “[m]atters of jurisdiction are of such importance that a court may consider them ex mero motu.”
 
 Trousdale v. Tubbs,
 
 929 So.2d 1020, 1022 (Ala.Civ.App.2005). This case presents the issue whether the circuit court had jurisdiction to enter its October 5, 2007, order following its remand of the case to the probate court on November 23, 2005.
 

 “[0]nce a party seeking to remove the administration of an estate pursuant to § 12-11-41 makes a
 
 prima facie
 
 showing that she is an ‘heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed,’ the circuit court
 
 must
 
 order its removal, subject to retransfer upon a motion by the opponent of the transfer, and a finding by the
 
 circuit
 
 court that the party effecting removal lacked standing under the statute.”
 

 Ex parte McLendon,
 
 824 So.2d 700, 704 (Ala.2001) (footnote omitted). In the present case, Jones initially made a prima fa-cie showing that she was an heir to the decedent’s estate by virtue of her alleged common-law marriage to the decedent. Subsequently, however, the circuit court determined that Jones was not the common-law wife of the decedent; thus, she, in fact, had no standing under § 12-11-41 to petition for removal the administration of the estate to circuit court. Upon that determination, Pamela Persons moved the circuit court to remand the case to the probate court, and the circuit court entered an order granting her request on November 23, 2005.
 

 The circuit court’s November 23, 2005, remand order had the effect of “put[ting] the case out of the circuit court.”
 
 Ex parte Carroll,
 
 272 Ala. 353, 355, 131 So.2d 676, 677 (1960). The remand order was a final judgment and could have been vacated within 30 days of its entry; however, as noted above, there is no order vacating the remand order contained in the record on appeal. After the case was remanded by the circuit court to the probate court, pursuant to § 12-11-41, Ala.Code 1975, a party with standing could have filed a petition for removal of the case back to the circuit court. There is, however, no indication in
 
 *613
 
 the record that any party did so, nor is there any indication that the circuit court entered an order removing, for a second time, the case from the probate court after it was remanded on November 23, 2005.
 
 [1]
 

 There being no indication that, after the case had been remanded to the probate court, the case was properly removed back to the circuit court so as to reinvest the circuit court with jurisdiction, we conclude that the circuit court did not have jurisdiction to enter the October 5, 2007, order. “A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.”
 
 Vann v. Cook,
 
 989 So.2d 556, 559 (Ala.Civ.App.2008). Therefore, we dismiss the appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . The only explanation in the record for the circuit court's assumption of jurisdiction of this case after remand is found in the transcript of the hearing on tire issue regarding the proceeds. At the beginning of that hearing, the circuit court judge stated: "Then, this case — I remanded it back to probate court. But they called, and I agreed to lake this case back up here in the Circuit Court.” Such a procedure for obtaining jurisdiction is not authorized by any Alabama rule or statute.