THOMAS, Judge.
Katherine Parker Dillard ("the mother") appeals a judgment of the Jefferson Circuit Court ("the circuit court") awarding Anthony Thomas LePore ("the father") sole physical custody of the parties' child ("the child"). Because the circuit court's judgment is void, we dismiss the appeal.
Background
The child was born on July 24, 2006; the parties have never been married. In 2007, the Jefferson Family Court ("the juvenile court") entered a judgment that, among other things, adjudicated the child's paternity, determined custody of the child, and provided for child support. In 2012, the juvenile court entered a judgment modifying the 2007 judgment that appears to have, among other things, awarded the parties joint legal custody of the child, awarded the mother sole physical custody of the child,[1] and required the father to pay child support. In February 2014, the mother filed a petition for a rule nisi requesting that the juvenile court find the father in contempt for allegedly violating certain aspects of the juvenile court's 2012 judgment. The mother's petition also requested that the juvenile court modify *286 portions of its 2012 judgment. The mother's action was given a ".02" case designator and was docketed as a separate action ("the .02 action"). The father answered the mother's petition.
In November 2014, the father filed a modification petition in the juvenile court seeking an award of "primary residential and custodial privileges." The father's action was given a ".03" case designator and was docketed as a separate action ("the .03 action"). Later that month, the parties filed a joint motion to consolidate the .02 action and the .03 action, which the juvenile court later granted. In August 2015, the father filed in both actions a "motion to modify child support" that was not given a new case designator or docketed as a separate action.
The juvenile court conducted a trial in August 2015 and thereafter rendered a written judgment. Although the style of the judgment referred only to the .02 action, the body of the judgment addressed the relief requested in each action. Specifically, the judgment dismissed the .02 action, pursuant to the mother's request at trial, and denied the relief requested by the father in the .03 action. The judgment was entered in only the .02 action on September 20, 2015. On October 1, 2015, the father filed in each action a notice of appeal to the circuit court.[2] See § 12-12-70(a), Ala. Code 1975. On October 12, 2015, the juvenile court's judgment was entered in the .03 action. The father did not file a notice of appeal from that judgment.
After conducting a trial de novo, the circuit court entered a judgment on October 12, 2016, awarding the father sole physical custody of the child, setting forth the mother's scheduled visitation periods, and requiring the mother to pay child support. The mother filed a postjudgment motion on November 11, 2016, which the circuit court denied on December 12, 2016. The mother thereafter filed a timely notice of appeal to this court on January 23, 2017.
Analysis
On appeal, the mother argues that the circuit court's award of sole physical custody to the father was erroneous and that the circuit court lacked subject-matter jurisdiction to conduct a trial de novo regarding the .03 action because the father did not file a notice of appeal from the juvenile court's judgment in that action. In response, the father contends that the mother has waived her arguments because, he says, she has failed to cite the record and relevant supporting authority and has therefore not complied with the requirements of Rule 28(a)(10), Ala. R. App. P. However, "[t]he issue of subject-matter jurisdiction is ' "of such magnitude that we take notice of [it] at any time and do so even ex mero motu." ' " G.W. v. Dale Cty. Dep't of Human Res., 939 So.2d 931, 934 (Ala. Civ. App. 2006) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala. Civ. App. 1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987) ). We must therefore consider whether the circuit court had subject-matter jurisdiction over the father's appeal in the .03 action.
At the outset, we note that the .02 action and the .03 action were consolidated after the parties submitted a joint motion to the juvenile court; however, "Alabama *287 law is well settled that consolidated actions maintain their separate identities, and separate judgments are to be entered in each action." Satterwhite v. Rodney Byrd Millenium Props., Inc., 180 So.3d 890, 898 (Ala. Civ. App. 2015). Although the juvenile court entered a judgment in each action, the father filed his notice of appeal in the .03 action before the juvenile court had entered its judgment in that action. Once the father filed his notice of appeal in the .03 action, the juvenile court lost subject-matter jurisdiction over that action during the pendency of the father's appeal in the circuit court. See Ward v. Ullery, 412 So.2d 796, 797 (Ala. Civ. App. 1982) ("Once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal."). Because the juvenile court did not have subject-matter jurisdiction, the October 12, 2015, judgment that it entered in the .03 action was a nullity. See Ingram v. Alabama Peace Officers' Standards & Training Comm'n, 148 So.3d 1089, 1093 (Ala. Civ. App. 2014) ("An order or judgment entered by a trial court without subject-matter jurisdiction is a nullity.").
Moreover, because a valid final judgment had not yet been entered in the .03 action at the time of the father's appeal, the circuit court lacked subject-matter jurisdiction to conduct a trial de novo regarding the issues raised in the .03 action. See Bolden v. Wise Alloys, LLC, 5 So.3d 1287, 1289 (Ala. Civ. App. 2008) ("Because the [juvenile court's] judgment was rendered, but never input into the [State Judicial Information System], and therefore never entered, the judgment is a nonfinal judgment and will not support an appeal."). " 'A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.' " Persons v. Persons, 10 So.3d 610, 613 (Ala. Civ. App. 2008) (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala. Civ. App. 2008) ).
"We therefore dismiss the appeal, albeit with instructions to the circuit court to vacate its void judgment and to transfer the [.03 action] back to the [juvenile] court." Rimpsey Agency, Inc. v. Johnston [Ms. 2150461, Sept. 2, 2016] --- So.3d ----, ---- (Ala. Civ. App. 2016). Once transferred, the juvenile court will reacquire subject-matter jurisdiction to enter a final judgment in the .03 action, from which the parties may appeal. Because we dismiss her appeal, we do not consider the mother's argument regarding the circuit court's award of sole physical custody to the father.
APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman and Donaldson, JJ., concur.
Moore, J., concurs in the result, without writing.

Although a copy of the 2012 judgment is not contained within the record on appeal, there is some indication that it actually purported to award the parties joint custody of the child with "the mother having primary physical custody." Under Alabama law, such an award is construed as an award of sole physical custody to the mother. See Harris v. Harris, 775 So.2d 213, 214 (Ala. Civ. App. 1999).

We note that, although the father filed a notice of appeal to the circuit court in the .02 action, no justiciable controversy regarding that action remained because, at the mother's request, the juvenile court had dismissed the .02 action, and the father had therefore suffered no adverse ruling in that action. See Mobile Fuel Shipping, Inc. v. Scott, 375 So.2d 796, 797 (Ala. Civ. App. 1979) ("It is well settled that only an adverse ruling of the trial court is subject to an assignment of error and, consequently, reviewable on appeal.").