MOORE, Judge.
Hayle P. Kelley ("the father") appeals from a judgment entered by the Jefferson Circuit Court ("the circuit court"), and Elvirita Finley ("the mother") cross-appeals from that same judgment. We dismiss the appeal and the cross-appeal.
Procedural History
After protracted proceedings over child support and postminority educational support owed by the father for E.Z.B. ("the child"), the Jefferson District Court entered a judgment on June 21, 2016, establishing the arrearage owed by the father. The father appealed to the circuit court for a trial de novo. On November 8, 2017, the circuit court purported to enter a judgment denying the father's request to receive a credit for the Social Security dependent benefits paid to the mother on behalf of the child, setting the amount of the father's arrearage for postminority educational support, and denying all other requested relief. On November 15, 2017, the father filed his notice of appeal to this court. On November 18, 2017, the mother filed a postjudgment motion. The father's appeal was held in abeyance pending the denial of the mother's postjudgment motion on January 10, 2018. See Rule 4(a)(5), Ala. R. App. P. On January 26, 2018, the mother filed her notice of cross-appeal.
*758 Discussion
We initially note that neither party raises the issue whether the circuit court could properly exercise appellate jurisdiction in order to enter a valid judgment. Our initial review of the record indicated that, at the time the father appealed to the circuit court, the district court had not yet adjudicated a contempt motion filed by the mother on January 29, 2015. Upon noticing this potential jurisdictional defect, this court asked the parties to file letter briefs on this point. See D.C.S. v. L.B., 84 So.3d 954, 957 (Ala. Civ. App. 2011) (" ' "[T]his Court is duty bound to notice ex mero motu the absence of subject-matter jurisdiction." ' " (quoting Baldwin Cty. v. Bay Minette, 854 So.2d 42, 45 (Ala. 2003), quoting in turn Stamps v. Jefferson Cty. Bd. of Educ., 642 So.2d 941, 945 n.2 (Ala. 1994) ) ). After reviewing the record and considering the parties' letter briefs and the relevant law, we conclude that the district court's judgment was not a final judgment that would support an appeal to the circuit court.
Section 12-12-70(a), Ala. Code 1975, provides:
"Any party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment or the denial of a posttrial motion, whichever is later, or, if the appeal is to an appellate court, within the time prescribed by the Alabama Rules of Appellate Procedure or the Alabama Rules of Juvenile Procedure where applicable, together with security for costs as required by law or rule."
(Emphasis added.) Additionally, § 12-12-71, Ala. Code 1975, provides that, "[e]xcept as provided in Section 12-12-72[, Ala. Code 1975,] and in subsection (e) of Section 12-15-120[, Ala. Code 1975,] all appeals from final judgments of the district court shall be to the circuit court for trial de novo." (Emphasis added.)
"A judgment is nonfinal if it fails to adjudicate all the claims between the parties, see Wright v. Wright, 882 So.2d 361, 363 (Ala. Civ. App. 2003), and '[a] nonfinal judgment will not support an appeal.' Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala. 2004)."
Chappell v. JP Morgan Chase Bank, NA, 106 So.3d 904, 906 (Ala. Civ. App. 2012). See also Rule 54(b) and (dc), Ala. R. Civ. P.
In Nicke v. Minter, 195 So.3d 274, 278 (Ala. Civ. App. 2015), this court concluded, in part, that, because the trial court had set the obligor parent's child-support-arrearage amount but had not adjudicated the obligee parent's motion to hold the obligor parent in contempt for failure to pay child support, the trial court's order was not a final judgment and, thus, this court did not have jurisdiction over the appeal from the order entered in that action. Similarly, in the present case, although the district court established the father's child-support arrearage, it did not determine whether the father was in contempt for his failure to pay child support. Therefore, we conclude that the district court did not enter a final judgment and, thus, that the circuit court did not acquire subject-matter jurisdiction over the father's appeal. Dillard v. LePore, 243 So.3d 284, 287 (Ala. Civ. App. 2017).
" ' "A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment." ' " Dillard, 243 So.3d at 287 (quoting Persons v. Persons, 10 So.3d 610, 613 (Ala. Civ. App. 2008), quoting in turn Vann v. Cook, 989 So.2d 556, 559 (Ala. Civ. App. 2008) ). Because the circuit court lacked *759 subject-matter jurisdiction to enter its November 8, 2017, judgment, that judgment is void, and we must dismiss the father's appeal and the mother's cross-appeal. Dillard, 243 So.3d at 287. Accordingly, the appeal and the cross-appeal are dismissed, albeit with instructions to the circuit court to set aside its void November 8, 2017, judgment, and to take any and all further actions necessary to return this matter to the district court for final adjudication. See Dillard, supra.
2170250-APPEAL DISMISSED WITH INSTRUCTIONS.
2170525-CROSS-APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.