Rel: December 20, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0352

_____

**Navy Federal Credit Union**

**v.**

**HMC Finance Corp.**

**Appeal from Montgomery Circuit Court**
**(CV-23-230)**

LEWIS, Judge.

Navy Federal Credit Union ("Navy Federal") appeals from an order entered by the Montgomery Circuit Court ("the circuit court"). We dismiss the appeal as from a void judgment.

Procedural History

On April 20, 2002, the Montgomery District Court ("the district court") entered a default judgment in the amount of $5,589.54 plus court costs in favor of HMC Finance Corp. ("HMC") and against Quinton Collick and Dalphne Collick. In October 2019, HMC filed a motion to revive the judgment, and that motion was granted.

On July 23, 2021, upon the request of HMC, a process of garnishment was issued to Navy Federal as garnishee. On August 2, 2021, Navy Federal filed an answer to that garnishment. Thereafter, on November 30, 2021, Dalphne filed a motion for a stay of the garnishment in the district court because of pending bankruptcy proceedings. Dalphne's motion was granted. However, a motion to lift the stay as to Quinton was subsequently filed, and the stay was lifted as to Quinton on March 4, 2022.

On March 21, 2022, a second process of garnishment was issued to Navy Federal. On April 15, 2022, Navy Federal filed an answer to the garnishment. On August 19, 2022, another process of garnishment was issued to Navy Federal, and Navy Federal again filed an answer, asserting that it had no garnishable assets.

On September 6, 2022, HMC filed in the district court a contest of Navy Federal's third answer, a motion for an oral examination of a Navy Federal representative, and a motion for a judgment against Navy Federal. A hearing was held, and both parties filed briefs in support of their positions. Navy Federal contended that the account that HMC sought to garnish was located in the Commonwealth of Virginia and, therefore, the district court lacked jurisdiction to order a garnishment of funds from that account. HMC, on the other hand, contended that the district court had jurisdiction to order a garnishment of funds from the Navy Federal account.

On June 7, 2023, the district court entered an order, stating, in part:

"This Court has personal jurisdiction over [Navy Federal] as well as in rem jurisdiction over the res, the debt owed.

"Based on the foregoing it is hereby ORDERED

"(1) [Navy Federal] shall within 30 days of the date of this order respond using the Process of Garnishment Form as to the level of indebtedness by [Quinton] Collick. [Navy Federal] may also make a notation on this form that the assets are located outside of the State of Alabama, which would ensure some level of compliance with the [United States of America Consumer Financial Protection Bureau]'s expectations.

"(2) [Navy Federal] is hereby ordered, pursuant to Section 6-6-452 of the Code of Alabama [1975], to pay any

monies within its possession regarding [Quinton Collick] into court."

(Capitalization in original.)

Navy Federal filed a notice of appeal from the district court to the circuit court on June 21, 2023. Both parties thereafter filed in the circuit court briefs in support of their positions. The circuit court then entered an order on April 2, 2023, stating:

> "Having considered the pleadings, briefs submitted by the parties, argument of counsel, and applicable law, this Court hereby finds that it has personal jurisdiction over Navy Federal …; that Navy Federal … is a depository institution; that any deposit made by a member of the credit union creates an obligation of the credit union to its member to repay the deposit; and that any obligation owed by Navy Federal … to its member is subject to a garnishment action in the State of Alabama regardless of the location of the account stated in the Important Disclosures.
>
> "In consideration thereof, this Court hereby ORDERS Navy Federal … to answer the garnishment stating whether it owed its member any money from the date of service of the garnishment up to the date of the Answer, in accordance with the garnishment statues of the State of Alabama and the instructions on the garnishment form. Further, if [Navy Federal] owed to its member any money from the date of service of the garnishment up to the date of the Answer, that money shall be paid to the clerk of this Court pursuant to § 6-6-453, Ala. Code 1975, subject to further Orders of this Court."

(Capitalization in original.) Navy Federal filed its notice of appeal on May 14, 2024.

Discussion

Although the parties have not raised the issue whether the circuit court had jurisdiction to consider Navy Federal's appeal, "this Court is duty bound to notice ex mero motu the absence of subject-matter jurisdiction." Stamps v. Jefferson Cnty. Bd. of Educ., 642 So. 2d 941, 945 n.2 (Ala. 1994); see also Kelley v. Finley, 266 So. 3d 756, 758 (Ala. Civ. App. 2018). Sections 12-12-70(a) and 12-12-71, Ala. Code 1975, provide that a party may file an appeal to a circuit court from a final judgment entered by a district court. See Kelley, 266 So. 3d at 758.

In Montgomery Piggly Wiggly, LLC v. Accel Capital, Inc., 358 So. 3d 693, 694 (Ala. 2022), our supreme court explained that "only a judgment that disposes of a garnishment proceeding in favor of either the judgment creditor or the garnishee, standing in relation to the defendant, and that leaves nothing for further adjudication is a final, appealable judgment." Our supreme court further pointed out that an order denying a motion to quash a garnishment proceeding "disposed of only a motion and effectively allowed the garnishment proceeding to continue, which would require … the garnishee[] to file an answer." Id. The supreme court stated that "an order merely ruling on a motion to quash a

5

garnishment proceeding, without condemning and distributing garnished funds," was not a final judgment that would support an appeal. Id.

In the present case, the district court's June 7, 2023, order stated that it had "personal jurisdiction over [Navy Federal] as well as in rem jurisdiction over the res, the debt owed." The order stated that "[Navy Federal] shall within 30 days of the date of this order respond using the Process of Garnishment Form as to the level of indebtedness by Defendant Collick" and "to pay any monies within its possession regarding this Defendant into court." However, the district court did not proceed to "condemn[] and distribut[e the] garnished funds." Montgomery Piggly Wiggly, LLC, 358 So. 3d at 694. Therefore, in accordance with our supreme court's decision in Montgomery Piggly Wiggly, LLC, we conclude that the district court's June 7, 2023, order was not a final judgment that would support an appeal to the circuit court. Therefore, the circuit court lacked jurisdiction to enter the judgment from which Navy Federal appealed to this court.

> "'"'A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.'"' Dillard [v. LePore], 243 So. 3d

6

[284,] 287 [(Ala. Civ. App. 2018),] (quoting Persons v. Persons, 10 So. 3d 610, 613 (Ala. Civ. App. 2008), quoting in turn Vann v. Cook, 989 So. 2d 556, 559 (Ala. Civ. App. 2008))."

Kelley v. Finley, 266 So. 3d 756, 758 (Ala. Civ. App. 2018).

Because the circuit court entered its April 2, 2023, order without subject-matter jurisdiction, that order is void. See id. Therefore, we dismiss Navy Federal's appeal, albeit with instructions to the circuit court to set aside its void judgment. See id.

APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.